2009 OK CIV APP 71

**CAPITAL ONE BANK, N.A.,**
**Plaintiff/Appellee,**

v.

**William T. PARSONS, III,**
**Defendant/Appellant.[1]**

No. 106,034.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 27, 2009.

---

1. The parties are identified pursuant to Okla. Sup.Ct. Rule 1.25(b). This appeal was filed by William Todd Parsons, who has denied that he is "William T. Parsons, III."

William L. Nixon, Jr., Love, Beal & Nixon, P.C., Oklahoma City, OK, for Plaintiff/Appellee.

M. Kathi Rawls, Rawls Law Office, PLC, Moore, OK, for Defendant/Appellant.

BAY MITCHELL, Chief Judge.

¶1 William Todd Parsons ("Parsons") appeals an order denying his motion for prevailing party attorney fees. We find attorney fees are recoverable here and reverse the decision of the trial court.

¶2 On December 27, 2005, Capital One Bank (Capital) filed a lawsuit on an open account alleging a credit card debt owed to it by William T. Parsons, III. According to the proof of service filed in the case, a copy of process was delivered to "Williams T. Parson III." No answer was filed, and Capital obtained a default judgment. Four weeks after the default judgment was filed, Parsons, having been made aware of the judgment, filed an affidavit with the court clerk in which he stated he had learned of the litigation and that neither the credit card debt nor the credit account sued upon were his. Capital responded with a garnishment summons on Parson's employer.

¶3 Parsons petitioned to set aside the default judgment, and the trial court granted his petition on September 12, 2007. Later that month he filed an answer to Capital's petition as well as counterclaims for malicious prosecution, failure to report accurately, invasion of privacy, falsely misstating the amount of the alleged debt, and unfair and deceptive trade practices. Capital successfully moved to strike the counterclaims. Several days later Capital dismissed its petition without prejudice. Subsequently, Parsons filed an Application for Attorney Fees and Costs as the prevailing party under 12 O.S.2001 § 936 which was denied by the trial court. Parsons contends in his appeal that the denial is contrary to law and an abuse of the trial court's discretion.[2]

¶4 Title 12 O.S. § 936[3] allows the recovery of attorney fees in actions on various types of accounts, bills and contracts. Capital does not take issue with the applicability of § 936 in this case, but instead contends Parsons is not the prevailing party. Capital relies on *Hastings v. Kelley*, 2008 OK CIV APP 36, 181 P.3d 750, which analyzed the applicability of § 936 following the denial of an injunction request. In *Hastings*, the plaintiff sought and was denied a temporary injunction. He then dismissed his case without prejudice. The defendant sought and was granted prevailing party attorney fees. The Court of Civil Appeals reversed, noting that a dismissal without prejudice does not confer "prevailing party" status on the other side. Citing *Professional Credit Collections v. Smith*, 1997 OK 19, 933 P.2d 307 and *Underwriters at Lloyd's of London v. North American Van Lines*, 1992 OK 48, 829 P.2d 978, *Hastings* holds the defendant must be able to show he "received affirmative relief"

2. The question of whether a party is entitled to attorney fees is a legal question, which we review *de novo*. *See Elmore v. Doenges Bros. Ford, Inc.*, 2001 OK CIV APP 27, ¶6, 21 P.3d 65, 69. Under that standard, we claim plenary, independent and non-deferential authority to reexamine the trial court's legal rulings. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶14, 859 P.2d 1081, 1084.

3. On appeal, Parsons also claims entitlement to attorney fees under 23 O.S.2001 § 103 because Capital's suit against him was frivolous. This statutory basis, however, was not raised in his application or at the hearing on that application at the trial court. Matters neither presented nor considered by a trial court will not be considered by this court on appeal. *Midwest City v. Eckroat*, 1963 OK 241, ¶20, 387 P.2d 123, 129.

to be considered the prevailing party for attorney fees purposes. *Hastings*, ¶¶ 12–13, 181 P.3d at 753. It further holds that prevailing on plaintiff's application for temporary injunction merely preserves the status quo and is not affirmative relief. *Id.* In the instant case, Capital contends Parsons received no affirmative relief and thus is not entitled to claim prevailing party status.

■ ¶ 5 Closer on point is *Professional Credit Collections v. Smith*, 1997 OK 19, 933 P.2d 307, the case Parsons relies upon. In that case, Smith and her husband were sued on an open account by a collection agent for their dentist. A default judgment was obtained and Smith's wages were sought to be garnished. Smith employed counsel, the default was vacated, the garnishment process was halted, and she was allowed time to answer. Just before her answer was filed, she was dismissed as a party.[4] The trial court denied her request for attorney fees and the Court of Civil Appeals affirmed the denial, finding she was not a prevailing party because she had not received affirmative relief before the voluntary dismissal. The Supreme Court, however, reversed and found that the trial court's ruling in Smith's favor on her motion to vacate the default judgment "fully satisfied the § 936 requirement that she be successful in the case," and that her subsequent dismissal *"after* her successful participation in the vacation process, came too late" for the plaintiff to "escape its § 936 liability for a counsel-fee award." (Emphasis in original.) This is precisely the situation in the case before us. The analysis in Smith applies here and is determinative of this appeal. Success in vacating the default judgment, followed by Capital's voluntary dismissal of the case establishes Parsons as the prevailing party and entitles him to recover a reasonable attorney fee pursuant 12 O.S. § 936.

¶ 6 The order denying attorney fees and costs to Parsons is reversed. This case is remanded to the trial court for an evidentiary hearing and determination of recoverable

costs and a reasonable attorney fee consistent with *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, ¶ 22, 598 P.2d 659, 663 and *Oliver's Sports Center v. National Standard Insurance*, 1980 OK 120, ¶ 7, 615 P.2d 291, 294.

¶ 7 REVERSED AND REMANDED

HANSEN, P.J., concurs, and JOPLIN, J., concurs with stare decisis.

case on a contingency fee basis. However, the case was remanded for a determination of a reasonable fee for trial, appeal, and certiorari-related attorney fees.

---

4. According to the recitation of facts by the Oklahoma Supreme Court, Smith filed an answer and cross claims the day after the dismissal. Like here, the credit agency argued Smith had incurred no expense because her counsel took the