2010 OK CIV APP 26

**ASSET ACCEPTANCE, LLC,**
**Plaintiff/Appellant,**

v.

**Jena M. SMITH, Defendant/Appellee.**

No. 106,957.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 12, 2010.

William L. Nixon Jr., Love, Beal & Nixon, P.C., Oklahoma City, OK, for Plaintiff/Appellant,

John C. Cramer, Cramer Law Firm, Lawton, OK, for Defendant/Appellee.

WM. C. HETHERINGTON, Jr., Judge.

¶ 1 Asset Acceptance ("Asset") appeals the trial court order granting Appellee Jena M. Smith's ("Smith") request for prevailing party attorney fees. We find attorney fees are not recoverable here and reverse the decision.

¶ 2 Asset is a collection agency and assignee of Washington Mutual Bank, the Visa credit card issuing bank. The attorney fee award came from a petition filed by Asset to collect indebtedness on a credit card. Smith filed a *pro se* answer raising the affirmative defense that the debt had been satisfied by a lump sum settlement and payment of $4,000.00 to the original creditor, Visa.

¶ 3 According to the parties, Asset presented a motion for summary judgment when Smith failed to respond to requests for admissions. On March 20, 2008, the trial court denied Asset's motion based on its failure to sign the discovery requests, setting hearing, and ordering Smith to respond by April 25, 2008. Counsel for Smith entered an appearance, timely responded to Asset's discovery, and requested leave to file an amended answer out of time. The request was granted, and she filed her amended answer May 23, 2008.

¶ 4 On July 11, 2008, Asset dismissed its petition. Smith thereafter filed her motion for attorneys fees and an amendment to the motion. Hearing was held on November 20, 2008. The parties stipulated to the amount of $1,409.00, briefed the issue, and the order below, out of which this appeal arises, was granted January 15, 2009.

## THE STANDARD OF REVIEW

¶ 5 Review of this order is review *de novo* of a legal question. *See Volvo Commercial Finance LLC the Americas v. McClellan*, 2003 OK CIV APP 27, ¶ 13, 69 P.3d 274, 278; *Elmore v. Doenges Brothers Ford, Inc.*, 2001 OK CIV APP 27, ¶ 6, 21 P.3d 65, 69. Under this standard, we claim plenary, independent and non-deferential authority to reexamine the trial court's legal rulings. *Kluver v. Weatherford Hospital Authority*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084.

## THE APPEAL

¶ 6 Smith relies on *Professional Credit Collections, Inc. v. Smith*, 1997 OK 19, 933 P.2d 307, for her "prevailing party" attorney fee request pursuant to 12 O.S.Supp.2002 § 936, which allows a prevailing party to recover attorney fees as costs in actions on various types of accounts, bills, and contracts. *Professional Credit Collections* stands for the proposition that a defendant must be able to show that he or she received affirmative relief in order to receive attorney fees as a "prevailing party" when a lawsuit is voluntarily dismissed by the plaintiff. The mere fact a plaintiff dismisses its suit does not, *per se*, make the defendant a "prevailing party." *Underwriters at Lloyd's of London v. North American Van Lines*, 1992 OK 48, ¶ 5, 829 P.2d 978, 979–980. This is true even when the defendant's answer contains a prayer that a plaintiff's petition be denied or a specific request for attorney fees. *Swan–*

*Sigler Inc. v. Black,* 1966 OK 90, ¶ 5, 414 P.2d 300, 301. A plaintiff may not, *via a* later dismissal, "wipe the slate clean of prior *orders in the case* which bear directly on its counsel-fee liability." *Professional Credit Collections v. Smith,* 1997 OK 19, ¶ 12, 933 P.2d at 311. (Emphasis added.)

■ ¶ 7 Here, Asset ultimately dismissed its case without prejudice to refiling, as provided for in 12 O.S.Supp.2004 § 684. *Hastings v. Kelley,* 2008 OK CIV APP 36, ¶ 8, 181 P.3d 750, 752. We find Smith's argument-that the debt had been previously satisfied by compromise settlement on November 28, 2005, and she had asked for costs and attorney fees-presents no factual affirmative relief. We are constrained from reaching any other conclusion by *stare decisis* and the prevailing party rule as it currently exists. Had the motion for summary judgment been sustained (and the discovery requests signed by Asset), counsel retained, and summary adjudication vacated, this result might be different under *Professional Credit Collections.* The judgment awarding Smith attorney fees is **REVERSED.**

BUETTNER, P.J., and HANSEN, J., concur.