2011 OK CIV APP 29

**GENOFF FARMS, INC.,**
**Plaintiff/Appellee,**

v.

**SEVEN OAKS SOUTH, LLC,**
**Defendant/Appellant,**

and

**Consolidated Construction**
**Co., Inc., Defendant.**

No. 107,746.

Court of Civil Appeals of Oklahoma, Division No. 2.

Jan. 31, 2011.

---

John W. Anderson, Jr., John W. Anderson Jr., PC, Tulsa, OK, for Plaintiff/Appellee.

Jessie V. Pilgrim, Levinson, Smith & Huffman, PC, Tulsa, OK, for Defendant/Appellant.

JANE P. WISEMAN, Judge.

¶ 1 Seven Oaks South, LLC (Defendant) appeals from the trial court's order denying its motion to vacate default judgment. Based on our review of the facts and applicable law, we reverse and remand for further proceedings.

## FACT AND PROCEDURAL BACKGROUND

¶ 2 On November 7, 2008, Plaintiff Genoff Farms, Inc., initiated this lawsuit against Defendant asserting claims for breach of contract and unjust enrichment for an alleged failure to pay Plaintiff $9,432 for labor and materials in providing grass sod "for the common areas of the Seven Oaks South subdivision"[1] in Broken Arrow, Oklahoma.

¶ 3 On January 16, 2009, Plaintiff filed a "notice of intent to proceed after refusal of service" and mailed a copy to Defendant's registered service agent in which it is stated that if Defendant made no appearance within 10 days, a default judgment would be rendered. On March 6, 2009, Plaintiff filed an application for default judgment against Defendant for failing to answer or respond to the petition. On March 17, 2009, the trial court granted Plaintiff's motion and entered judgment against Defendant for $9,432 for failing to pay for the sod, its installation, and related services. The trial court also granted Plaintiff attorney fees in the amount of $2,000 and costs in the amount of $222.30 for a total judgment of $11,654.30, "all of which shall bear interest at the statutory judgment rate of 5.25%" as stated in the Journal Entry of Default Judgment filed on March 30, 2009.

¶ 4 On July 24, 2009, Defendant filed a motion to vacate the default judgment asserting that because the summons and petition

---

**1.** Plaintiff also named Consolidated Construction Company as a defendant in this lawsuit. According to the petition, Consolidated, as general contractor, contracted with Plaintiff to provide grass sod to the common areas of the Seven Oaks South subdivision. Plaintiff further alleged that "Seven Oaks, as the developer and owner of Seven Oaks South, was a third-party beneficiary of Consolidated's contract with [Plaintiff] and was aware of, and ratified by its conduct and acceptance of [Plaintiff's] labor and materials, that contract." Consolidated Construction Company, Inc., is not a party to this appeal.

were not served on Seven Oaks, it had no notice of the existing lawsuit. Defendant asserts (1) the default judgment is void and should be vacated pursuant to 12 O.S.2001 § 1038, (2) the default judgment should be vacated pursuant to 12 O.S.2001 § 1031(3) due to irregularities in obtaining the judgment, and (3) the default judgment should be vacated pursuant to 12 O.S. Supp.2008 § 2004(C)(2)(c) because "any refusal of the delivery of process was by an unauthorized person."

¶ 5 Plaintiff responded contending Defendant's failure to comply with the provisions of "Oklahoma's Corporation Act does not constitute an 'irregularity' within the meaning of § 1031(3) sufficient to vacate [Plaintiff's] judgment." Plaintiff also argued Defendant's proceeding to vacate should have been filed pursuant to 12 O.S.2001 § 1033 as a "petition to vacate, verified, and served upon [Plaintiff] as in the commencement of a civil action."

¶ 6 In an order filed November 12, 2009, the trial court denied Defendant's motion to vacate the default judgment.

¶ 7 Defendant appeals.

### STANDARD OF REVIEW

■ ¶ 8 "The standard of review of a trial court's ruling either vacating or refusing to vacate a judgment is abuse of discretion." *Ferguson Enters., Inc. v. H. Webb Enters., Inc.*, 2000 OK 78, ¶ 5, 13 P.3d 480, 482. The Oklahoma Supreme Court has stated in *Hassell v. Texaco, Inc.*, 1962 OK 136, ¶ 14, 372 P.2d 233, 235, "[a]n application to vacate a judgment is addressed to the sound legal discretion of the trial court and the order made thereon will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion."

■ ¶ 9 When reviewing a trial court's refusal to vacate a default judgment, we consider the following:

1) default judgments are not favored; 2) vacation of a default judgment is different from vacation of a judgment where the parties have had at least one opportunity to be heard on the merits; 3) judicial discretion to vacate a default judgment

should always be exercised so as to promote the ends of justice; 4) a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has not.

*Ferguson*, 2000 OK 78 at ¶ 5, 13 P.3d at 482. "We also consider whether substantial hardship would result from granting or refusing to grant the motion to vacate." *Id.*

■ ¶ 10 However, we review whether a default judgment is void from the face of the judgment roll as a legal question subject to *de novo* review. *See Booth v. McKnight*, 2003 OK 49, ¶ 12, 70 P.3d 855, 860.

### ANALYSIS

■ ¶ 11 The trial court's reason for its denial is unstated in its order, but the docket Entry of October 27, 2009, states that the "motion to vacate default judgment is denied. [Defendant] Seven Oaks to proceed by petition to vacate." Plaintiff states in its appellate brief that the trial court denied Defendant's "motion on procedural grounds." We must first address Plaintiff's argument that Defendant's motion to vacate was procedurally deficient.

¶ 12 Pursuant to 12 O.S.2001 § 1031.1, a trial court has discretion to open, modify, or vacate a default judgment on its own initiative or by motion not later than thirty days after the rendition of the judgment, decree, or appealable order. When more than thirty days have passed since the entry of the order, 12 O.S.2001 § 1031.1(C) requires that certain proceedings to vacate conform to 12 O.S.2001 § 1033, which provides:

If more than thirty (30) days after a judgment, decree, or appealable order has been filed, proceedings to vacate or modify the judgment, decree, or appealable order, on the grounds mentioned in paragraphs 2, 4, 5, 6, 7, 8, and 9 of Section 1031 of this title, shall be by petition, verified by affidavit, setting forth the judgment, decree, or appealable order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On this petition, a summons shall issue and be served as in the commencement of a civil action.

¶ 13 The Journal Entry of Judgment by default was filed on March 30, 2009. Defendant filed its motion to vacate default judgment almost four months later on July 24, 2009, asserting as grounds for vacation both 12 O.S.2001 § 1038 (vacation of a void judgment) and 12 O.S.2001 § 1031(3) (irregularity in obtaining the judgment). Contrary to Plaintiff's contention, Defendant may, as a matter of procedure, seek to vacate the judgment by motion on either of these two stated grounds, rather than by petition. Both § 1038 and 12 O.S.2001 § 1032 [2] provide for proceedings by motion, and we reject Plaintiff's argument to the contrary.

¶ 14 Section 1038 provides in part that "[a] void judgment, decree or order may be vacated at any time, on motion of a party, or any person affected thereby." 12 O.S.2001 § 1038.[3] "A judgment or order is facially void when the face of the record reveals one of the three elements of jurisdiction was absent, i.e., jurisdiction over the parties, jurisdiction over the subject matter, or jurisdictional power to pronounce the particular decision that was entered, is shown to have been absent." *In re Estate of Davis*, 2006 OK CIV APP 31, ¶ 21, 132 P.3d 609, 613. However, this provision only applies when the "invalidity appears on the face of the judgment roll, i.e., when the record affirmatively shows the trial court lacked jurisdiction." *Id.* As stated in *Graff v. Kelly*, 1991 OK 71, ¶ 7, 814 P.2d 489, 492, "[t]he judgment roll is the same as the 'record' and is made up of the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court." Accordingly, we must examine the judgment roll and determine whether the trial court's order is void on its face and subject to vacation under § 1038.

¶ 15 Defendant asserts the default judgment is void on its face because there was no valid service of process. *See Graff*, 1991 OK 71, 814 P.2d 489 (finding that the default

judgment was void on its face for lack of in personam jurisdiction because the record established that default judgment was entered without valid service of process); *see also Ferguson*, 2000 OK 78 at ¶ 11, 13 P.3d 480 at 484 ("If the record does not reflect that personal service has been made on the defendant, the court lacks in personam jurisdiction over the defendant and any default judgment rendered thereon is void and subject to vacation.")

¶ 16 The applicable provisions of the service of process statute, 12 O.S. Supp.2008 § 2004(C)(2), provide the following:

 a. At the election of the plaintiff, a summons and petition may be served by mail by the plaintiff's attorney, any person authorized to serve process pursuant to subparagraph a of paragraph 1 of this subsection, or by the court clerk upon a defendant of any class referred to in division (1), (3), or (5) of subparagraph c of paragraph 1 of this subsection. *Service by mail shall be effective on the date of receipt or if refused, on the date of refusal of the summons and petition by the defendant.*

 . . . .

 c. *Service by mail shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant* . . . . In the case of an entity described in division (3) of subparagraph c of paragraph 1 of this subsection, acceptance or refusal by any officer or by any employee of the registered office or principal place of business who is authorized to or who regularly receives certified mail shall constitute acceptance or refusal by the party addressed. . . . If delivery of the process is refused, upon the receipt of

---

2. Title 12 O.S.2001 § 1032 directs that proceedings to correct an irregularity in obtaining a judgment (pursuant to 12 O.S.2001 § 1031(3)) "shall be by motion, upon reasonable notice to the adverse party or his attorney in the action."

3. Whether a void judgment is attacked by motion or petition pursuant to § 1038, "we do not find any prejudice as a result of the label which [Defendant] has attached to the document." *Graff v. Kelly*, 1991 OK 71, n. 1, 814 P.2d 489.

notice of such refusal and at least ten (10) days before applying for entry of default, the person elected by plaintiff pursuant to subparagraph a of this paragraph to serve the process shall mail to the defendant by first-class mail a copy of the summons and petition and a notice prepared by the plaintiff that despite such refusal the case will proceed and that judgment by default will be rendered against him unless he appears to defend the suit. Any default or judgment by default shall be set aside upon motion of the defendant in the manner prescribed in Section 1031.1 of this title, or upon petition of the defendant in the manner prescribed in Section 1033 of this title if the defendant demonstrates to the court that the return receipt was signed or delivery was refused by an unauthorized person.

(Emphasis added).[4]

¶ 17 There is no return receipt for delivery or refusal of certified mail in the appellate record. There is a copy of a returned envelope twice stamped "returned to sender," each time with the word "unclaimed" circled. Although given as an option, the word "refused" is not checked or circled. There is also a copy of an envelope with Plaintiff's counsel's return address which apparently contained Plaintiff's notice of intent to proceed with default judgment addressed to the same registered agent for Defendant. This envelope is also stamped "returned to sender" and "not deliverable as addressed unable to forward."

¶ 18 Defendant contends that because the certified mail envelope was marked "unclaimed" and not "refused," the statutory requirements for proper service of process were not met. Plaintiff, on the other hand, argues that despite the envelope's "unclaimed" marking, Defendant received sufficient statutory notice of Plaintiff's pending action.

¶ 19 Defendant cites *Jones v. Flowers,* 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415

(2006), in support of its argument. In *Jones,* the United States Supreme Court reversed a tax sale of taxpayer's home based upon the return of "unclaimed" mail as being insufficient to satisfy the taxpayer's constitutional due process requirements for service of process. "[W]hen mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so." *Id.* at 225, 126 S.Ct. at 1713. Because the State failed to take reasonable and available steps, the State's attempt to provide notice did not satisfy due process requirements. *See id.* at 238–39, 126 S.Ct. at 1721.

¶ 20 Relying on *Jones,* the Supreme Court of Mississippi in *Bloodgood v. Leatherwood,* 25 So.3d 1047 (Miss.2010), recently held that a returned envelope marked "unclaimed/refused" was insufficient to satisfy its statutory service requirements. The statute requires that service by certified mail "shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused." " *Id.* at 1049 (emphasis omitted). The Mississippi court found that the words "refused" and "unclaimed" have different meanings:

A return envelope marked "refused," as required by Rule 4(c)(5), denotes that the Postal Service actually attempted delivery on the defendant, who refused to accept it. A returned envelope marked "unclaimed" simply means that the Postal Service was unsuccessful in delivering the mailing to the defendant, whether because delivery was attempted at the wrong address, the defendant simply was not home at the time the Postal Service attempted delivery, or some other reason.

*Id.* at 1050. Because the envelopes had been marked "unclaimed/refused," the Mississippi court found it had no way to determine which applied. *Id.* at 1051. It further found that because the language of the statute required the envelope to be marked "refused," an envelope marked "unclaimed" was insufficient to satisfy its statutory requirements:

4. Title 12 O.S. § 2004 was amended effective November 1, 2009, but that amendment did not affect the relevant provisions of (C)(2).

"When drafting our rules, this Court included the requirement that, for service to be effective, an undelivered mailing must actually have been refused by the defendant, as evidenced by the returned envelope marked 'refused.'" *Id.* Thus, the appellate court held the trial court erred in finding defendant had been properly served. *Id.; see also Approximately $14,980.00 v. Texas,* 261 S.W.3d 182, 189 (Tex.App.2008) (finding that notice sent by certified mail and returned "unclaimed" did not provide the required notice set forth by the state's rules of civil procedure).

¶ 21 Our service by mail statute similarly provides that service by mail is deemed effective "on the date of receipt or if refused, on the date of refusal of the summons and petition by the defendant." 12 O.S. Supp. 2008 § 2004(C)(2)(a). It further provides that service by mail cannot be a basis for a default judgment "unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant." 12 O.S. Supp.2008 § 2004(C)(2)(c).

 ¶ 22 The markings on the envelopes do not show Defendant "refused" to accept process; they show they were "unclaimed" because the United States Postal Service was unsuccessful in delivering the mail to Defendant. *Jones,* 547 U.S. at 234, 126 S.Ct. at 1719 (finding the certified letter's return "unclaimed" meant either that Jones "was not home when the postman called and did not retrieve the letter at the post office or that Jones no longer resided at that address."); *see also Bloodgood,* 25 So.3d at 1050. These returned envelopes marked "unclaimed" do not meet the service of process requirements specified in 12 O.S. Supp.2008 § 2004.[5]

¶ 23 We also conclude that Plaintiff failed to take other available reasonable steps to give notice to Defendant when the mailed notices were returned unclaimed. Plaintiff does not describe any other attempts to obtain an address for service of summons and petition from any source other than the Sec-

retary of State. Defendant argues that current information to obtain good service on Defendant's registered agent was available from Tulsa County court records in another pending case in which Seven Oaks South was a defendant.

¶ 24 If all else proved unavailing, which has not been demonstrated here, Plaintiff could have served Defendant as a limited liability company by serving the Secretary of State if Defendant's registered agent could not be found. 18 O.S. Supp.2008 § 2010(E) ("If a limited liability company has no registered agent or the registered agent cannot be found, then service of process on the limited liability company may be made by serving the Secretary of State as its agent as provided in Section 2004 of Title 12 of the Oklahoma Statutes."). Before resorting to service on the Secretary of State pursuant to 12 O.S. Supp.2008 § 2004(C)(4), Plaintiff would have been required to attempt service first at: (1) "the corporation's last-known address shown on the records of the Franchise Tax Division of the Oklahoma Tax Commission," (2) "the corporation's last-known address shown on the records of the Secretary of State," and (3) "the corporation's last address known to the plaintiff."

¶ 25 With the facts essentially undisputed by the parties, Plaintiff has not established that its sole chosen method of attempted service was "reasonably calculated to apprise [Defendant] of the impending suit." *ABC Drilling Co., Inc. v. Hughes Group,* 1980 OK 39, ¶ 13, 609 P.2d 763, 769 (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)).

 ¶ 26 Although Defendant failed to provide the Secretary of State with a change of address pursuant to statutory requirements, this did not relieve Plaintiff of its fundamental statutory and constitutional obligation to provide Defendant with adequate notice. *Jones,* 547 U.S. at 231–32, 126 S.Ct. at 1717 (the State's argument that notice was

---

5. Plaintiff's mailing of notice pursuant to 12 O.S. Supp. § 2008 § 2004(C)(2)(c) of its intent to proceed to obtain a default judgment after refusal of certified mail does not cure the jurisdictional

defect of relying on unclaimed, rather than refused, certified mail as the basis for the entry of default judgment.

sent to an address taxpayer was legally required to keep updated does not relieve "the State of its constitutional obligation to provide adequate notice").

¶ 27 Because the appellate record establishes Plaintiff obtained default judgment without service of process on Defendant, the trial court lacked in personam jurisdiction over Defendant, and its default judgment was therefore void on the face of the judgment roll and subject to vacation at any time pursuant to 12 O.S.2001 § 1038. The trial court's order denying Defendant's request to vacate the void judgment must be reversed, the default judgment is vacated, and the case is remanded for further proceedings.

## APPEAL–RELATED ATTORNEY FEES

¶ 28 "Appeal-related attorney fees are recoverable when there is statutory authority for the award of attorney fees in the trial court." *First Cmty. Bank of Blanchard v. Hodges,* 1995 OK 124, ¶ 13, 907 P.2d 1047, 1054. Although both parties request appellate attorney fees and cite 12 O.S. Supp.2009 § 936 as their authority, no prevailing party has yet been determined as required by this statute. "When prevailing party status is the statutory prerequisite for awarding attorney's fees we have defined the prevailing party as the party possessing an affirmative judgment at the conclusion of the entire case." *GRP of Texas, Inc. v. Eateries, Inc.,* 2001 OK 53, ¶ 7, 27 P.3d 95, 98.

¶ 29 The case of *Capital One Bank, N.A. v. Parsons,* 2009 OK CIV APP 71, 217 P.3d 636,

relied upon by Defendant is distinguishable. The plaintiff in *Parsons* voluntarily dismissed the petition after the defendant successfully petitioned to set aside a default judgment against him making defendant the prevailing party. *Id.* at ¶ 5, 217 P.3d at 638 ("Success in vacating the default judgment, followed by [the Plaintiff's] voluntary dismissal of the case establishes [the Defendant] as the prevailing party and entitled him to recover a reasonable attorney fee pursuant to 12 O.S. § 936."). Because neither party is yet a prevailing party, we deny both requests for appellate attorney fees.

## CONCLUSION

¶ 30 We find the trial court erred in denying Defendant's motion to vacate the default judgment as facially void. The order denying the motion to vacate is reversed, the default judgment is vacated, and the case is remanded for further proceedings. Because this issue is dispositive, we will not address the remaining issues on appeal.

¶ 31 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

BARNES, P.J., and FISCHER, J., concur.