WAITS v. VIERSEN OIL & GAS CO.



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:WAITS v. VIERSEN OIL & GAS CO.

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 WAITS v. VIERSEN OIL & GAS CO.
2020 OK CIV APP 2
456 P.3d 1149
Case Number: 117192
Decided: 12/20/2019
Mandate Issued: 01/15/2020
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2020 OK CIV APP 2, 456 P.3d 1149

 

ROBERT KIRK WAITS, individually, Plaintiff/Appellee,
v.
VIERSEN OIL & GAS CO., an Oklahoma corporation, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE DAMAN H. CANTRELL, TRIAL JUDGE

AFFIRMED

Gary L. Richardson, Charles L. Richardson, Jason C. Messenger, RICHARDSON RICHARDSON BOUDREAUX, Tulsa, Oklahoma, for Plaintiff/Appellee

Craig E. Hoster, Susan E. Huntsman, CROWE & DINLEVY, A PROFESSIONAL CORPORATION, Tulsa, Oklahoma, for Defendant/Appellant

P. THOMAS THORNBRUGH, JUDGE:

¶1 Viersen Oil and Gas Co. appeals a decision of the district court denying prevailing party fees after Plaintiff Robert Waits dismissed his claims. On review, we affirm the decision of the district court.

BACKGROUND

¶2 This is the third time this case has reached the appellate courts. It springs from a compensation dispute between Waits and Vierson. In early 2011, Waits was fired from his position as vice president of Viersen. In August 2011, Waits filed suit against Viersen, alleging, among other issues, that he had been fired without cause, and was therefore contractually entitled to a severance payment equivalent to five percent of the value of all issued and outstanding shares of Viersen. Waits sought a doubling of this "wage" claim pursuant to 40 O.S.2011 § 165.3, alleging there was no bona fide dispute as to his entitlement to the severance payment.

¶3 In November 2013, Viersen filed a motion for partial summary judgment arguing, in part, that there was a bona fide dispute whether Waits had been fired for cause, and hence Waits was not entitled to a doubling of his claim pursuant to § 165.3. The district court granted this motion. Waits then dismissed his remaining claims without prejudice, and Viersen dismissed its counterclaims.

¶4 Waits appealed in April 2015, as Appeal No. 113,970. On May 26, 2015, while this first appeal was pending Viersen filed a motion in the district court seeking attorney fees, which the district court stayed pending appeal. In July 2015, this Court found that an order deciding if a damages enhancement is available is not an independently appealable order in the absence of a damages judgment. Nor did it become one simply because the underlying damages claim was dismissed. As such, we found no appealable order, and no jurisdiction to hear the first appeal.

¶5 The same month, Waits re-filed his case in the district court as CV-2015-67, in the form of a petition to compel arbitration. This petition was dismissed by the district court in March 2016, and the case journeyed to the appellate courts for a second time. In April 2017, Division I of this Court agreed that, by filing his 2011 petition and litigating the case up to and including the appellate level, Waits had engaged in acts that waived his contractual right to arbitrate.[1] At the conclusion of this appeal, the district court then considered Viersen's 2015 request for over $800,000 in fees. In June 2018, the district court issued an order denying Viersen's fee request. Viersen now appeals this denial of fees.

STANDARD OF REVIEW

¶6 When the appeal raises an issue of the reasonableness of an attorney's fee awarded by the trial court, then the standard of review is whether there has been an abuse of discretion by the trial judge. State ex rel. Burk v. Oklahoma City, 1979 OK 115, ¶ 22, 598 P.2d 659. However, the question here, whether a party is entitled to an award of attorney fees and costs, presents a question of law subject to the de novo standard of review. Hastings v. Kelley, 2008 OK CIV APP 36, ¶ 8, 181 P.3d 750.

ANALYSIS

¶7 The question presented here is whether Viersen became a "prevailing party" entitled to fees after Waits' dismissal. Previous case law has indicated that a party becomes a potential "prevailing party" at the time that party receives some form of "affirmative relief." If the suit is later dismissed by the opponent, and the party obtained affirmative relief before the dismissal, he or she may become the prevailing party for fee purposes. The details of this rule are far from well defined, however.

I. THE BASIS OF THE "AFFIRMATIVE RELIEF" OR "SUCCESS" RULE

¶8 In Professional Credit Collections, Inc. v. Smith, 1997 OK 19, 933 P.2d 307, the last Supreme Court decision to fully analyze this question, the Court provides an analysis based on the 1991 version of 12 O.S. § 684, which at the time of Professional Credit, had remained unchanged since 1910, and stated:

A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. A plaintiff may, at any time before the trial is commenced, on payment of the costs and without any order of court, dismiss his action after the filing of a petition of intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervenor or defendant to proceed with the action.

¶9 Analyzing this statute, Professional Credit stated that "The test for an effective cost-escaping § 684 voluntary dismissal does not depend on whether a prevailing party has yet been determined. Instead, the key is whether, before plaintiff's voluntary dismissal, the defendant has requested affirmative relief against the plaintiff." Id., ¶ 9. The Court went on to note that "Because [plaintiff's] plea for affirmative relief was invoked before her dismissal from the action, there was no impediment to the trial court's post-dismissal consideration of her request for attorney's fees." Id., ¶ 11. Thereby, Professional Credit held that, although she had not prevailed on the merits of her case, defendant was a prevailing party for fee purposes because she had obtained the "affirmative relief" of vacating a default judgment before the plaintiff dismissed its suit.

II. THE EXTENT OF THE RULE OF PROFESSIONAL CREDIT IS UNCERTAIN

¶10 Professional Credit is an opinion that states at least three bases for its holding, and, to date, had not been positively applied in a prevailing party fee question outside of one factual situation - a dismissal by the plaintiff after a default judgment was vacated. In Professional Credit, a collection agency brought action against a former husband and wife to recover on open account for medical charges incurred by husband. Wife was served by publication, and did not answer. The court awarded a default judgment against wife on an open account claim for a specific sum, which would constitute a final money judgment. Wife later succeeded in vacating this default judgment. The collection agency then voluntarily dismissed the action against wife.[2]

¶11 Wife sought attorney fees as the "prevailing party" in an action to collect on an open account pursuant to the open account fee statute, 12 O.S. § 936. Both the trial court and the COCA held that the dismissal of the case against her did not make her a prevailing party pursuant to § 936. The Supreme Court reversed, and held the wife was a prevailing party. Professional Credit cites several different rationales for this holding.

A. Reading a Fee Statute "In Conjunction" with the Dismissal Statute, 12 O.S.§ 684

¶12 The holding of Professional Credit mentioned the "affirmative relief" language of the then-current dismissal statute, 12 O.S. 1991 § 684, which stated:

A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. (Emphasis added).

This language was removed in 2013 and the revised version states:

An action may be dismissed by the plaintiff without an order of court by filing a notice of dismissal at any time before pretrial. After the pretrial hearing, an action may only be dismissed by agreement of the parties or by the court. (Emphasis added).

"Costs" are now payable only upon re-filing:

If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

¶13 The reference to payment of costs if a case is dismissed after a "prayer for affirmative relief" is filed was noticeably removed by the Legislature in this subsequent version. "Where the meaning of a statute has been the subject of judicial determination, the subsequent amendment thereof reasonably indicates the legislative intention to change the law." Tom P. McDermott, Inc. v. Bennett, 1964 OK 197, ¶ 12, 395 P.2d 566.

¶14 Waits argues that this change in the statutory language removed the foundations of Professional Credit. If this was the sole language relied on by Professional Credit, the legislature likely intended to change that decision. Professional Credit cited, however, at least two bases for its decision that are independent of § 684. If the statutory change has any significance, it is that praying for affirmative relief, as opposed to obtaining affirmative relief, is no longer a basis for fees pursuant to Professional Credit. (See Asset Acceptance, LLC v. Smith, 2010 OK CIV APP 26, ¶ 7, 229 P.3d 1287, and Fentem v. Knox, 2013 OK CIV APP 50, ¶ 8, 305 P.3d 1043, both rejecting the theory that a prayer for relief entitles a party to fees under Professional Credit.) The current case is not based upon praying for affirmative relief, however, but on the granting of relief. The change to § 684 is not, therefore immediately significant.

B. Equal Access and Asymmetric Fees

¶15 Professional Credit's second rationale was that a different result would violate equal access to the courts because it would treat, for attorney's fee purposes, a victorious plaintiff differently from a successful defendant. A statute violates equal access to the courts when it treats-for attorney's fee purposes-the victorious plaintiff differently from a successful defendant. Thayer v. Phillips Petroleum Co., 1980 OK 95, 613 P.2d 1041. The argument that either § 684, or § 936 acted asymmetrically if wife was not allowed a prevailing party fee is difficult to immediately credit, because both statutes provides symmetrical remedies. If wife had finally prevailed on the merits she could have added the cost of the vacation proceeding to her fees, just as the collection agency could do so if it had prevailed on the merits. There was no evident unconstitutional asymmetry in either § 684, or § 936, that required correction. This raises the question of why the Professional Credit Court felt that § 936 acted asymmetrically. This can only be answered by examining the second theory cited by Professional Credit. 

C. "Wiping the Slate Clean of Prior Orders"

¶16 The Professional Credit Court further relied on the rule that "the statutory power to dismiss an action does not include the authority to wipe the slate clean of prior orders in the case" from the case of Kelly v. Maupin, 1936 OK 344, 58 P.2d 116. This principle is well-established, but Kelly involved the jurisdiction of the court to enforce an existing fee award after a dismissal, not the question of who was the prevailing party for fee purposes.

¶17 In Kelly, the court ordered the defendant to pay $1,500 as a temporary attorney's fee. The plaintiff then filed a dismissal. The attorney for the dismissing plaintiff later filed an application for a contempt citation, arguing that the fee award had not been paid. Defendant responded that the court had no jurisdiction to hear the contempt citation because of the dismissal. The Kelly Court held that "regardless of whether the dismissal was effective or not in disposing of the action" it was "certainly ineffective to destroy the previous order requiring the payment of counsel fee." Id. ¶ 14.

¶18 This principle is of long standing, and we must assess Professional Credit in the light of that well established rule. It is clear that the Professional Credit Court found the situation in that case to be similar to that in Kelly. In many ways it was. Both cases involved a dismissal after a judgment by the Court. The only difference is that in Kelly the judgment was ordered, and in Professional Credit the judgment was vacated. The court appears to have regarded these acts as being legally identical, and equivalent to a judgment for fee purposes. This fact also fits with, and explains, the Professional Credit Court's concern with asymmetric application of § 936. Simply put, the Court appears to have reasoned that, if the debt collector was entitled to a fee because the last action in court was the award of a money judgment, the wife was symmetrically entitled to a fee if the last action in court was the vacation of a money judgment. These appear to be the foundations of the Professional Credit opinion.

III. HOW FAR DOES THE RULE OF PROFESSIONAL CREDIT EXTEND BEYOND ITS FACTS?

¶19 Both Kelly and Professional Credit dealt with an otherwise final order regarding a money judgment that was obtained before dismissal. Viersen argues that this principle extends to any form of interlocutory affirmative relief granted to the non-dismissing party before dismissal. In this case, Viersen gained an interlocutory order regarding an available remedy which became moot after the underlying wage claim was dismissed. Viersen argues that the Professional Credit court would view this event as a litigation "success" in the underlying wage case that renders Viersen a prevailing party for fee purposes.

¶20 We find it evident that there are limits to the reach of Professional Credit. If the legislature intended that any form of relief granted before dismissal of a fee-bearing case, however minimal, makes the non-dismissing party a "prevailing party" entitled to full statutory attorney fees, it has had numerous opportunities to state so. Instead, the amendment of § 684 in 2013 required only that a party who dismisses after pretrial must pay costs upon refiling. If the Legislature intended the more punitive regime that an unrestricted application of Professional Credit would create (dismissal after any affirmative relief require the dismissing party to pay prevailing party fees) it had a perfect opportunity to do so when it amended § 684. It did not do so.

¶21 To examine the limits of Professional Credit, a survey of subsequent cases is helpful. The cases citing Profession Credit are as follows:

A. Cases Interpreting or Relying on Professional Credit,

¶22 (Alford v. Garzone, 1998 OK CIV APP 105, ¶ 12, 964 P.2d 944, Truelock v. City of Del City, 1998 OK 64, ¶ 4, 967 P.2d 1183; Batman v. Metro Petroleum, Inc., 2007 OK CIV APP 121, ¶ 35, 174 P.3d 578; Avens v. Cotton Elec. Coop., Inc., 2016 OK CIV APP 39, 377 P.3d 163, all cite Professional Credit for its statement that an asymmetric fee provision may violate equal-access protections, not its affirmative relief/prevailing party rule.

¶23 (Payne v. Dewitt, 1999 OK 93, ¶ 1, 995 P.2d 1088, involved the question of whether a party could be barred by court order from a subsequent damages hearing after the court ordered default judgment as a sanction.

¶24 (Stroud Nat. Bank v. Owens, 2006 OK CIV APP 37, ¶ 36, 134 P.3d 870, did not involve a dismissal, and held that a final judgment in an action decided by summary process is a judgment for fee purposes.

¶25 (Hastings v. Kelley, 2008 OK CIV APP 36, ¶ 13, 181 P.3d 750, involved a dismissal, and held that obtaining a temporary injunction before dismissal was not "affirmative relief" pursuant to Professional Credit. 

¶26 (Capital One Bank, N.A. v. Parsons, 2009 OK CIV APP 71, ¶ 5, 217 P.3d 636, involves the same factual situation as Professional Credit (success in vacating the default judgment in a debt action, followed by a voluntary dismissal of the case).

¶27 (Asset Acceptance, LLC v. Smith, 2010 OK CIV APP 26, ¶ 7, 229 P.3d 1287, held that a mere request for affirmative relief in a petition or answer did not constitute "affirmative relief" for the purposes of Professional Credit.

¶28 (Twin Creek Estates, L.L.C. v. Tipps, 2011 OK CIV APP 53, ¶ 2, 251 P.3d 756, did not involve a dismissal.

¶29 (McKiddy v. Alarkon, 2011 OK CIV APP 63, ¶ 25, 254 P.3d 141, did not involve a dismissal, and determined whether statutory provisions existed in support of the trial court's journal entry awarding attorney's fees to Mother in a domestic case.

¶30 (Fentem v. Knox, 2013 OK CIV APP 50, ¶ 8, 305 P.3d 1043 held that, when the Homeowners' case was dismissed prior to any order granting the sellers' motion for summary judgment there was no "affirmative relief" to the seller for the purposes of Professional Credit.

¶31 (Mill Creek Lumber & Supply Co. v. Bichsel, 2015 OK CIV APP 26, 347 P.3d 295, held that, despite a litigation history lasting some 4 years, and the denial of mutual summary judgment motions, that the non-dismissing party "had not prevailed on any issue prior to dismissal."

¶32 (Austin Place, L.L.C. v. Marts, 2015 OK CIV APP 2, ¶ 17, 341 P.3d 693, held that the district court did not enter final judgment on a forcible entry and detainer claim, nor grant any affirmative relief before dismissal.

¶33 This history puts the Professional Credit decision into some perspective. Of fifteen cases citing Professional Credit as authority, only six cases involve a prevailing party claim following a dismissal after alleged affirmative relief. Of those six cases, only one, Capital One Bank, N.A. v. Parsons, 2009 OK CIV APP 71, actually awarded fees to the non-dismissing party. The facts in Capital One Bank were essentially identical to those in Professional Credit -- the defendant in a credit card collection case succeeded in vacating a default judgment, followed by the card company's dismissal of the case.

¶34 We find no evident expansion of the rule of Professional Credit beyond its immediate facts in the twenty-two years it was decided. Indeed, the negative cases indicate some restriction.[3] This is likely because a broad reading of Professional Credit would contradict a number of other established principles. Prior to Professional Credit, the Oklahoma Supreme Court stated in General Motors Acceptance Corp. v. Carpenter, 1978 OK 39, 576 P.2d 1166 that: "Our decisions in cases defining 'prevailing party' hold that a prevailing party is one who finally prevails upon the merits. In this case, defendant in trial court had not prevailed prior to dismissal." Id., ¶ 7. The Supreme Court reiterated in Underwriters at Lloyd's of London v. North Am. Van Lines, 1992 OK 48, 829 P.2d 978: that "[t]he essence of the question involves whether a defense, though successful in limiting plaintiff's damages, but not resulting in a judgment for the defendant, entitles the defendant to prevailing party status under 12 O.S.1981 § 940. Under the facts submitted, we answer in the negative." Id., ¶ 11.

¶35 COCA has reiterated these principles without Supreme Court objection since Professional Credit. As a general rule, a "prevailing party" in a lawsuit "is the one who successfully prosecutes the action or successfully defends against it, prevailing on the merits of the main issue; in other words, the prevailing party is the one in whose favor the decision or verdict is rendered and the judgment entered." Hastings v. Kelley, 2008 OK CIV APP 36, ¶ 10, 181 P.3d 750. "Coinciding with its ordinary meaning, 'prevailing party,' as a legal term of art, means the successful party who has been awarded some relief on the merits of his or her claim." Sooner Builders & Inv., Inc. v. Nolan Hatcher Constr. Serv., L.L.C., 2007 OK 50, ¶ 17, 164 P.3d 1063.

¶36 These cases show a general requirement that a party prevails on the merits of a claim before becoming a prevailing party for fee purposes. Underwriters at Lloyd's of London was explicit that a defendant's success in limiting a plaintiff's damages, while it may be characterized as affirmative relief, is not a success on the merits, and does not make the defendant a prevailing party for fee purposes. These rules are entirely compatible with the facts and results of Kelly and Professional Credit. Professional Credit gave no indication that it intended to overrule numerous prior cases and the long-standing consensus on this issue. Rather it appears to have created an exception to the general rule in certain circumstances.

B. We Find That Professional Credit is Not Applicable In this Case

¶37 We need not define the exact parameters of Professional Credit in this opinion.[4] We only need decide if the relief obtained here, an interlocutory decision restricting the plaintiff's available remedies, falls under the rule of Professional Credit rather than that of Underwriters at Lloyd's of London. We find it quite clear that the current case falls under the rule of Underwriters at Lloyd's of London--a defendant's success in limiting a plaintiff's damages is not a success on the merits, and does not make the defendant a prevailing party for fee purposes. The various "affirmative reliefs" that can potentially be granted in a complex case are myriad. To interpret Professional Credit as creating a prevailing party if any form of positive decision is obtained before a dismissal would undermine the substantial bulk of case law on this issue. If Professional Credit had intended such a substantial and far-reaching revision of the prevailing party rules, we would expect the decision to have made some reference to this change. We find that the facts of the current case do not fall under the rule of Professional Credit.

C. Viersen Has No Other Judgment That Could Provide a Basis for Fees

¶38 Viersen argues that, notwithstanding the validity of the "affirmative relief" doctrine of Professional Credit, it still had a statutory or common law basis for a fee award. Viersen first argues that it is entitled to fees because it made an offer of judgment pursuant to 12 O.S. § 1101.1 prior to the dismissal. Boston Ave. Mgmt., Inc. v. Associated Res., Inc., 2007 OK 5, ¶ 15, 152 P.3d 880, notes that "In our view the plain language of § 1101.1(B)(3) provides that there must be some type of final adjudication" before the fee shifting provisions of § 1101.1 become operative. We find no case law indicating that a voluntary dismissal without prejudice constitutes a final adjudication. If it did, there would be little need to rely upon the rule of Professional Credit at all.

¶39 Viersen further argues that the court had discretion to award fees after a dismissal pursuant to the unpaid wages statute, 40 O.S. § 165.9. The fee provision of § 165.9 states: "The court . . . may, in addition to any judgment awarded to the plaintiff or plaintiffs, defendant or defendants, allow costs of the action, including costs or fees of any nature, and reasonable attorney's fees." Viersen argues that the "in addition to any judgment" language of § 165.9 is disjunctive, allowing fees irrespective of whether a judgment is rendered. The Supreme Court reached an opposite conclusion, however, in Parkhill Truck Co. v. Reynolds, 1961 OK 42, 359 P.2d 1064.

The quoted enactment, when read in its entirety, plainly contemplates an allowance of counsel fee to that party, whether plaintiff or defendant, to whom a judgment is 'awarded." The term 'awarded', as used in the context, should therefore be construed as synonymous with the word 'rendered'.

We find no right to fees pursuant to § 165.9 without the pre-condition of a judgment being rendered.

CONCLUSION

¶40 We find it clear that Professional Credit created a specific exemption from the long standing precedent regarding prevailing party fees, rather than displacing the prior precedent and substantially changing the definition of a prevailing party in Oklahoma law. We find no error in the district court's decision.

¶41 AFFIRMED.

REIF, S.J. (sitting by designation), and FISCHER, P.J., concur.

FOOTNOTES

[1] Waits has filed a third petition, CJ-2016-919, the final fate of which is not known at this time.

[2] These facts are only lightly referred to in Professional Credit, but Judge Goodman's prior COCA opinion gives considerably more background, including that the collection agency dismissed after confirming with wife's counsel that the couple was divorced prior to the time the debt was incurred. Wife then tried to have this dismissal vacated in an attempt to re-open the case for the purpose of seeking sanctions and fees against the collection agency. This request was rejected by the trial court. These additional facts are significant because they indicate that both parties obtained some form of "affirmative relief" in the case, not just one party as implied by the Professional Credit opinion.

[3] By example, it is difficult to explain how vacating a default judgment (with no subsequent decision on the merits) constituted "affirmative relief" while the temporary injunction obtained in Hastings v. Kelley did not. Neither decision had any effect on the merits of the respective cases.

[4] At least two other undecided other issues are raised by Professional Credit. The first arises because a party dismissing without prejudice has the greater of one year, or the balance of the statute of limitations to re-file the case. It is therefore uncertain whether a "prevailing party" pursuant to Professional Credit remains so if the case is refiled. The second is whether relief that may be independently fee bearing, such as a motion to compel, should also qualify as "affirmative relief" in the underlying claim.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2006 OK CIV APP 37, 134 P.3d 870, STROUD NATIONAL BANK v. OWENS
Discussed
 2007 OK CIV APP 121, 174 P.3d 578, BATMAN v. METRO PETROLEUM, INC.
Discussed
 2008 OK CIV APP 36, 181 P.3d 750, HASTINGS v. KELLEY
Discussed at Length
 2009 OK CIV APP 71, 217 P.3d 636, CAPITAL ONE BANK v. PARSONS
Discussed at Length
 2010 OK CIV APP 26, 229 P.3d 1287, ASSET ACCEPTANCE, LLC v. SMITH
Discussed at Length
 2011 OK CIV APP 53, 251 P.3d 756, TWIN CREEK ESTATES, L.L.C. v. TIPPS
Discussed
 2011 OK CIV APP 63, 254 P.3d 141, MCKIDDY v. ALARKON
Discussed
 2013 OK CIV APP 50, 305 P.3d 1043, FENTEM v. KNOX
Discussed at Length
 2015 OK CIV APP 2, 341 P.3d 693, AUSTIN PLACE, L.L.C. v. MARTS
Discussed
 2015 OK CIV APP 26, 347 P.3d 295, MILL CREEK LUMBER & SUPPLY CO. v. BICHSEL
Discussed
 2016 OK CIV APP 39, 377 P.3d 163, AVENS v. COTTON ELECTRIC COOPERATIVE, INC.
Discussed
 1998 OK CIV APP 105, 964 P.2d 944, Alford v. Garzone
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1992 OK 48, 829 P.2d 978, 63 OBJ 1130, Underwriters at Lloyd's of London v. North American Van Lines.
Discussed
 1997 OK 19, 933 P.2d 307, 68 OBJ 783, Professional Credit Collections, Inc. v. Smith
Discussed
 1936 OK 344, 58 P.2d 116, 177 Okla. 44, KELLY v. MAUPIN
Discussed
 1961 OK 42, 359 P.2d 1064, PARKHILL TRUCK COMPANY v. REYNOLDS
Discussed
 1964 OK 197, 395 P.2d 566, TOM P. McDERMOTT, INC. v. BENNETT
Discussed
 2007 OK 5, 152 P.3d 880, BOSTON AVENUE MANAGEMENT, INC. v. ASSOCIATED RESOURCES, INC.
Discussed
 2007 OK 50, 164 P.3d 1063, SOONER BUILDERS & INVESTMENTS, INC. v. NOLAN HATCHER CONSTRUCTION SERVICES, L.L.C.
Discussed
 1978 OK 39, 576 P.2d 1166, GENERAL MOTORS ACCEPTANCE CORP. v. CARPENTER
Discussed
 1980 OK 95, 613 P.2d 1041, Thayer v. Phillips Petroleum Co.
Discussed
 1979 OK 115, 598 P.2d 659, STATE EX REL. BURK v. CITY OF OKLAHOMA CITY
Discussed
 1999 OK 93, 995 P.2d 1088, 70 OBJ 3452, Payne v. DeWitt
Discussed
 1998 OK 64, 967 P.2d 1183, 69 OBJ 2402, TRUELOCK v. DEL CITY
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 684, Dismissal before Trial Commenced without Court Order
Discussed at Length
 12 O.S. 936, Action on Open Account - Attorney's Fee as Costs
Cited
 12 O.S. 940, Negligent or Willful Injury to Property - Attorney's Fees and Costs - Offer and Acceptance of Judgment
Cited
 12 O.S. 1101.1, Actions for Personal Injury, Wrongful Death and Certain Specified Actions - Other Actions - Evidence - Applicability - Severability
Cited
Title 40. Labor
 Cite
Name
Level

 40 O.S. 165.3, Termination of Employee - Payment - Failure to Pay
Cited
 40 O.S. 165.9, Actions to Recover Unpaid Wages and Damages - Parties - Costs and Attorney's Fees
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA