2008 OK CIV APP 36

Chris **HASTINGS,**
Plaintiff/Appellant/Counter–Appellee,

v.

Thomas M. **KELLEY,**
Defendant/Appellee/Counter–Appellant.

No. 104,135.

Court of Civil Appeals of Oklahoma,
Division No. 4.

Feb. 29, 2008.

Guy A. Fortney, Clark O. Brewster, Marvin Lizama, Brewster & De Angelis, P.L.L.C., Tulsa, OK, for Plaintiff/Appellant/Counter–Appellee.

John M. O'Connor, Rachel B. Crawford, Newton, O'Connor, Turner & Ketchum, a Professional Corporation, Tulsa, OK, for Defendant/Appellee/Counter–Appellant.

DOUG GABBARD II, Presiding Judge.

¶1 Plaintiff, Chris Hastings, appeals an award of $26,600–plus in attorney fees and costs in favor of Defendant, Thomas M. Kelley. Defendant counter-appeals, asserting

he is entitled to double that amount. We reverse.

## BACKGROUND

¶ 2 Plaintiff and Defendant are neighbors. While the record does not contain all the pleadings, it indicates Plaintiff sued Defendant to enforce a protective covenant which allegedly prohibited Defendant from setting up a batting cage on his side yard. The lawsuit was brought pursuant to 60 O.S.2001 § 856, which allows one resident of a development to sue another to enforce restrictions or covenants, and further provides, "the prevailing party shall be entitled to recover reasonable attorney's fees." Defendant responded with several filings and an objection to a requested temporary injunction.

¶ 3 On December 1, 2005, the trial court denied Plaintiff's application for a temporary injunction, and reserved the matter of attorney fees. At the temporary injunction hearing, Plaintiff orally dismissed his amended petition (filed November 10, 2005), and withdrew his claims relating to zoning. Subsequently, the trial court issued a scheduling order that set dates for discovery, the pretrial conference, and so on.

¶ 4 On December 16, 2005, after the temporary injunction hearing but before the court's order denying it was memorialized on January 6, 2006, Defendant filed an application for attorney fees and costs. Plaintiff objected to the application because the court's order had not yet been memorialized. The trial court agreed and issued an order that stated the application was premature and would be addressed "at final judgment."

¶ 5 On January 19, 2006, Plaintiff filed a second amended petition. Defendant filed a motion to dismiss. However, on February 13, Plaintiff filed a dismissal without prejudice, bringing an end to the underlying action.

¶ 6 On March 14, Defendant filed a renewed application for attorney fees. As supporting authority, Defendant referred to 60 O.S.2001 § 856. He further asserted attorney fees should be awarded because Plaintiff had acted in bad faith and vexatiously. Ultimately, Defendant sought attorney fees and costs totaling $51,280.39. Plaintiff moved to dismiss the application.

¶ 7 Following two hearings, the trial court granted Defendant's applications and awarded him $26,367.70 in attorney fees and $273.70 in costs. Both parties now appeal.

## STANDARD OF REVIEW

¶ 8 Whether a party is entitled to an award of attorney fees and costs presents a question of law subject to the *de novo* standard of review. *Volvo Commercial Fin. LLC v. McClellan,* 2003 OK CIV APP 27, ¶ 13, 69 P.3d 274, 278. "De novo" means no deference, not necessarily a full rehearing or new fact-finding. *Bose Corp. v. Consumers Union of U.S.,* 466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984). Where the issue is the reasonableness of attorney fees, the trial court's decision will be affirmed unless the court abused its discretion. *State ex rel. Burk v. City of Okla. City,* 1979 OK 115, 598 P.2d 659. To reverse a trial court on the ground of abuse of discretion it must be found that the trial judge made a "clearly erroneous conclusion and judgment, against reason and evidence." *Abel v. Tisdale,* 1980 OK 161, ¶ 20, 619 P.2d 608, 612.

## ANALYSIS

### *Plaintiff's Appeal*

¶ 9 Oklahoma follows the American Rule, that attorney fees may only be awarded if authorized by a specific statute or contract provision. *Kay v. Venezuelan Sun Oil Co.,* 1991 OK 16, 806 P.2d 648. In the present case, Plaintiff brought suit pursuant to 60 O.S.2001 § 856, which provides, in part:

> In any action to enforce any restriction or covenant pursuant to the provisions of this section, the prevailing party shall be entitled to recover reasonable attorney's fees to be fixed by the court, which shall be taxed as costs in the action.

This statute "plainly directs an award of attorney's fees to the prevailing party—either to a successful plaintiff *or to a successful defendant*—in any action to enforce restrictive covenants." *Cebuhar v. Bovaird,* 2003 OK CIV APP 19, ¶ 13, 67 P.3d 348, 351

(emphasis added).[1]  Plaintiff asserts, however, that Defendant was not a prevailing party because there was no decision on the merits.

¶ 10 Generally, the "prevailing party" to a suit is the one who successfully prosecutes the action or successfully defends against it, prevailing on the merits of the main issue; in other words, the prevailing party is the one in whose favor the decision or verdict is rendered and the judgment entered.  20 Am. Jur.2d *Costs* § 11 (2005).  However, a party need not prevail on all issues to be viewed as the "prevailing party," as long as the party obtains at least some relief on the merits of the party's claim.  In fact, the issue on which the party prevails need not be the central issue in the litigation, only a significant one.  *Id.* § 13.

¶ 11 Consistent with this rule is the Oklahoma Supreme Court's decision in *Professional Credit Collections, Inc. v. Smith,* 1997 OK 19, 933 P.2d 307.  In that case, the plaintiff had obtained a default judgment on an open account against the defendant based upon service by publication.  The defendant later hired an attorney and successfully vacated the default judgment.  The plaintiff then dismissed the defendant from the lawsuit before she filed an answer.  The defendant sought attorney fees and these were denied.  On appeal, the Supreme Court noted that 12 O.S.1991 § 684 provided that a party may voluntarily dismiss an action without a court order upon payment of costs at any time *before affirmative relief is sought against the plaintiff.*  Although the plaintiff dismissed the case against the defendant before an adjudication on the merits, the Court held that "[t]he definition of a prevailing party cannot narrowly be confined to one who obtains judgment after a trial on the merits."  *Id.* at ¶ 12, 933 P.2d at 311.  The Court therefore reversed, stating:

> [Defendant] Smith is to be treated as a prevailing party under the terms of [12 O.S.] § 936, based upon her victorious status in the vacation proceeding.  Her quest

for the judgment's vacation satisfies the affirmative relief requirements of § 684.  *Id.* at ¶ 16; *see also Batman v. Metro Petroleum Inc.,* 2007 OK CIV APP 121, 174 P.3d 578 (the grant or denial of a request to certify a class is affirmative relief supporting an attorney fee award to the successful party).

■ ¶ 12 *Professional Credit Collections* stands for the proposition that a defendant must be able to show that he or she received affirmative relief in order to receive attorney fees as a "prevailing party" when a lawsuit is voluntarily dismissed by the plaintiff.  The mere fact that a plaintiff dismisses his or her suit does not *per se* make the defendant a "prevailing party."  *Underwriters at Lloyd's of London v. North Am. Van Lines,* 1992 OK 48, 829 P.2d 978.  This is true even when the defendant's answer contains a prayer that a plaintiff's petition be denied, or a specific request for attorney fees.  *Swan–Sigler Inc. v. Black,* 1966 OK 90, 414 P.2d 300.

■ ¶ 13 In the present case, there is no question Defendant "prevailed" on Plaintiff's application for a temporary injunction.  However, a temporary injunction is merely designed to preserve the situation of the parties in status quo until a final determination of the controversy.  12 O.S.2001 § 1382; *Weis v. Renbarger,* 1983 OK CIV APP 50, 670 P.2d 609.  Thus, it cannot be said that the court's ruling on the temporary injunction involved either affirmative relief to Defendant, or a final determination on the merits in favor of Defendant.  According to 20 Am.Jur.2d *Costs* § 16 (2005):

> [T]he general rule is that no allowance is provided for in favor of a party who may prevail on an intermediate motion or proceeding.  Thus, the fact that plaintiffs are granted a temporary restraining order does not necessarily give them prevailing party status, since the restraining order is not a determination on the merits but merely an attempt to preserve the status quo pending a determination on the merits of their cause.

---

1.  Plaintiff also asserts that Oklahoma caselaw forbids attorney's fees in injunction cases, citing *Kiddy v. Oklahoma City,* 1978 OK 28, 576 P.2d 298, and *Jackson v. Williams,* 1985 OK 103, 714

P.2d 1017.  We find neither case applicable since both were decided before 60 O.S.2001 § 856 became law in 1986.

¶ 14 Because Defendant did not receive affirmative relief, and has not finally prevailed on the merits of the case, he is not entitled to attorney fees and costs as a "prevailing party." The court's award of those items pursuant to § 856 was error.

### Defendant's Appeal

¶ 15 In his appeal, Defendant asserts that the trial court's award of attorney fees was also authorized by *City National Bank & Trust Co. of Oklahoma City v. Owens,* 1977 OK 86, 565 P.2d 4, and that the amount of the award was inadequate.

¶ 16 In *Owens,* the plaintiff filed a negligence action. After three years of extensive discovery, the case proceeded to trial. A jury was empaneled, the case was tried for three days, and, on the fourth day, after all the evidence and testimony had been introduced, the parties had rested, and the court had prepared jury instructions, plaintiff dismissed his case without prejudice to refiling. Defendant requested attorney fees, which the trial court granted. On appeal, the Supreme Court affirmed, stating:

> The American Rule does not however serve as an absolute bar to the awarding of attorney fees in the absence of statute or contract. Courts have from common law days recognized several exceptions to the general principle that each party should bear the costs of his or her own legal representation. Courts have long recognized that attorney fees may be awarded when an opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reason, or where a successful litigant has conferred a substantial benefit upon a class of persons and the court's shifting of the fees operates to spread the costs proportionately among the members of the benefitted class. Additionally, courts have also recognized a "private attorney general" rationale.

*Id.* at ¶ 12, 565 P.2d at 7. Although superseded by 23 O.S.2001 § 103, *Owens* has continued to be applied, but only in an "exceptional case." *Gibbs v. Easa,* 1998 OK 55, ¶ 12, 998 P.2d 583, 586.

¶ 17 Defendant claims that *Owens* applied because Plaintiff filed his suit unnecessarily after Defendant had stopped constructing his pitching cage in compliance with Plaintiff's demand letter. Defendant further argues that Plaintiff never complied with any of the scheduling order deadlines, that he unreasonably demanded the payment of his attorney fees as a precondition to mediation, and that he acted with the ulterior motive of forcing Defendant to sell the property. Defendant also claims that the court improperly refused to consider certain offers of settlement which allegedly demonstrated Plaintiff's bad faith.

¶ 18 Generally, offers of settlement or compromise are not admissible under 12 O.S.2001 § 2408. Even if we presume, without holding, that the written offers of settlement should have been admitted on this issue, we find that these documents fail to lend significant support to Defendant's contention that Plaintiff acted in bad faith. Thus, any error was harmless.

¶ 19 It is true that Defendant presented some evidence in support of his allegation of bad faith conduct. However, contrary evidence was also presented. The trial court specifically found that the "evidence does not support Defendant's claim for an award of attorney's fees and costs under" *Owens.* Where there is conflicting evidence on an issue of fact, we defer to the judgment of the trial court which is in the best position to observe the behavior and demeanor of the witnesses and to gauge their credibility. *Mueggenborg v. Walling,* 1992 OK 121, 836 P.2d 112. Our review of the entire record fails to persuade us that the narrow exception authorized by *Owens* was applicable to the facts of this case. We find no error in the trial court's evidentiary ruling or its conclusion on this issue.

¶ 20 Because we find that an attorney fee award was not authorized, it is unnecessary to consider the parties' remaining propositions of error.

### CONCLUSION

¶ 21 In summary, Plaintiff dismissed his action prior to the court awarding any affirmative relief to Defendant, and, therefore,

Defendant was not a "prevailing party" entitled to attorney fees and costs under 60 O.S.2001 § 856. Although the suit was highly contested and resulted in substantial attorney fees, Defendant failed to prove that Plaintiff prosecuted the action in bad faith, vexatiously, wantonly, or oppressively, and, therefore, Defendant was not entitled to attorney fees under *Owens*. The trial court's decision is reversed. Each party's request for appellate attorney fees is rejected, as neither request was made in compliance with Supreme Court Rule 1.14(b), 12 O.S.2001 ch.15, app.1.

¶ 22 REVERSED.

RAPP, C.J., and GOODMAN, J. (sitting by designation), concur.