2015 OK CIV APP 26

**MILL CREEK LUMBER & SUPPLY COMPANY, Petitioner/Appellee,**

v.

**Ronnie L. BICHSEL d/b/a Bichsel Construction and American Safety Casualty Insurance Co., Respondents,**

and

**Mike Alexander Company, Inc., Respondent/Appellant.**

**No. 112,315.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Nov. 18, 2014.

---

Tracy W. Robinett, Charles R. Swartz, Dylan T. Duren, Robinett Law Firm, Tulsa, Oklahoma, for Petitioner/Appellee.

John M. Hickey, Stephanie T. Gentry, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, Oklahoma, for Respondent/Appellant.

JANE P. WISEMAN, Presiding Judge.

¶1 Mike Alexander Company, Inc. (MACI), appeals a trial court order denying its request for attorney fees. The issue on appeal is whether the trial court erred as a matter of law in its order. After review of the record, we find no error and affirm the trial court's order.

### FACTS AND PROCEDURAL BACKGROUND

¶2 In its petition against defendants Ronnie L. Bichsel d/b/a Bichsel Construction and MACI, Mill Creek Lumber & Supply (Mill Creek) alleged that Bichsel entered into an open account relationship with Mill Creek for Bichsel to buy building materials from Mill Creek on credit and to pay Mill Creek according to its invoice terms. Mill Creek's lawsuit claims that in June 2009, Bichsel acquired materials for which it owes $12,172.52 in past due charges. Mill Creek seeks to recover on claims for open account, foreclosure of a materialmen's lien, foreclosure of a personal property lien, and declaratory judgment. The materialmen's lien attached to the petition shows that Mill Creek filed the lien on September 2, 2009, and materials worth $12,172.52 were used to con-

struct a boat dock on property owned by MACI in Delaware County. On January 21, 2011, Mill Creek dismissed without prejudice its claim against Bichsel for foreclosure of the personal property lien.

¶ 3 MACI filed an answer and asserted the following affirmative defenses: (1) a materialmen's lien could not attach to the property because the boat dock is a floating dock attached to the property only by bolts and chains, (2) the materials for the dock were not delivered on the date on the invoice and the materialmen's lien was not timely filed, (3) Mill Creek failed to timely serve the prelien notice, and (4) the personal property lien was also not timely filed. MACI asserted a cross-claim against Bichsel for breach of contract.

¶ 4 On March 2, 2011, MACI filed a request for pretrial conference which the court set for early August 2011. Mill Creek filed an amended petition on June 1, 2011, asserting claims for an open account and "foreclosure of bond to discharge mechanic's lien." On this second claim, Mill Creek alleged that it had a valid and enforceable mechanic's or materialmen's lien, MACI discharged the lien from the property by posting a lien discharge bond, and "Mill Creek is entitled to judgment *in rem* against the Discharge Bond in the sum of $12,172.52, plus attorney's fees, costs, and interest." Mill Creek stated that MACI, as principal on the discharge bond, and American Safety Casualty Insurance Co., as surety on the discharge bond, should appear and establish their positions with respect to Mill Creek's claims. American Safety filed an answer and asserted affirmative defenses similar to those asserted by MACI and also filed a cross-claim against Bichsel.

¶ 5 The pretrial conference was passed to January 2012. Mill Creek filed a motion for partial summary judgment on the issue of the enforceability of the lien, and MACI also filed a motion for partial summary judgment on the issue of whether the materialmen's or mechanic's lien attached to its property. The trial court denied both motions for summary judgment stating "there are fact[ ] issues concerning lien enforceability which must be resolved by a fact finder as to whether the boat dock at issue constitutes a fixture to the land."

¶ 6 MACI filed a demand for jury trial, and Mill Creek filed a request to set the case for non-jury trial. After Mill Creek sought and received permission to file a second amended petition, Mill Creek filed its second amended petition against MACI and American Surety, claiming that it entered into an open account with Bichsel, Bichsel acquired materials from it to build a boat dock for MACI, Bichsel failed to pay for $12,172.52 in materials, and Mill Creek had pursued its open account action against Bichsel. Mill Creek further alleged Bichsel had filed a Chapter 7 bankruptcy case on January 6, 2012, in the Eastern District of Oklahoma, which stayed Mill Creek's prosecution of its open account action against Bichsel. Mill Creek filed an adversary proceeding against Bichsel, obtained a nondischargeable judgment against Bichsel for $12,172.52, and then reached a settlement pursuant to which Bichsel paid Mill Creek $3,000.

¶ 7 Mill Creek sought foreclosure of the bond to discharge a mechanic's lien alleging that the mechanic's or materialmen's lien remains valid and enforceable as to the unpaid balance of $9,172.52. Mill Creek sought this sum plus attorney fees, costs, and interest and asked that both MACI and American Surety appear regarding its claims.

¶ 8 MACI objected to Mill Creek's request for non-jury trial. Both MACI and American Surety filed answers to the second amended petition. An August 1, 2012, order indicates the case was passed to the spring jury docket by agreement. According to a January 15, 2013 order, the parties agreed to pass the pretrial to the next pretrial docket.

¶ 9 On February 19, 2013, Mill Creek filed a dismissal with prejudice. MACI then filed an application for attorney fees asserting that "Mill Creek's decision to file a dismissal with prejudice should be considered a concession that their case was without merit." MACI sought attorney fees pursuant to 42 O.S.2011 § 176, which provides, "In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as

costs in the action." MACI also sought prevailing party attorney fees pursuant to 12 O.S.2011 § 936 asserting Mill Creek's action was one for an open account. MACI also sought costs pursuant to 12 O.S.2011 § 930, which provides, "In other actions, the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable." The affidavit as to attorney fees and costs reflects the amounts of $46,645.25 in attorney fees and $1,390.26 in costs.[1]

¶ 10 In response, Mill Creek asserts that (1) it never conceded its position that the lien was valid and enforceable, (2) 12 O.S.2011 § 936 is inapplicable because the open account claim against Bichsel was dismissed as a result of Bichsel's bankruptcy, (3) no judgment has been rendered in MACI's favor as required by 42 O.S.2011 § 176, and (4) Mill Creek had a statutory right to dismiss the case without liability for attorney fees pursuant to 12 O.S. § 684.

¶ 11 After a hearing on the issue of attorney fees, the trial court denied MACI's application on the ground that "42 O.S. § 176 requires that judgment be rendered for a party in a lien claim case in order for that party to be entitled to a reasonable attorney fee. In such a lien action, actual judgment must be rendered to entitle anyone to an attorney fee. *Swan–Sigler v. Black,* [1966 OK 90, 414 P.2d 300]." The court also found that 12 O.S.2011 § 936 does not apply because the open account transactions were between Bichsel and Mill Creek. The court concluded MACI "is also not entitled to costs based on 12 O.S. § 930 as § 928 is the appropriate statute in this case and only allows costs for a plaintiff who obtained judgment." MACI appeals from the trial court's order denying its application for attorney fees.

## STANDARD OF REVIEW

¶ 12 The question of a party's entitlement to attorney fees is a question of law, which we review *de novo. See Finnell v. Seismic,* 2003 OK 35, ¶ 7, 67 P.3d 339.

## ANALYSIS

¶ 13 MACI asserts in its brief in chief that it is entitled to recover attorney fees pursuant to 42 O.S.2011 § 176, 12 O.S. 2011 § 929, or 12 O.S.2011 § 936. We will discuss MACI's argument regarding 42 O.S. 2011 § 176 and 12 O.S.2011 § 936 in turn, but we must first note that we are unable to consider its arguments regarding 12 O.S.2011 § 929 because, as Mill Creek points out in its answer brief, MACI did not present this argument to the trial court. "Where not properly presented in the trial proceedings ... issues not properly presented to the trial court cannot be considered by this Court on appeal." *Oklahoma Dep't of Sec. ex rel. Faught v. Wilcox,* 2011 OK 82, ¶ 17, 267 P.3d 106. Even if this Court could review this argument, 12 O.S.2011 § 929 does not support MACI's quest for attorney fees. Section 929 provides, "Costs shall be allowed of course to any defendant, upon a judgment in his favor in the actions mentioned in the last section." 12 O.S.2011 § 929. Clearly, this statute addresses costs, not attorney fees, and therefore would not support an attorney fee award in favor of MACI.

¶ 14 MACI asserts § 176 provides a basis for the award of attorney fees in its favor. As quoted above, § 176 provides, "In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action." It asserts the "voluntary dismissal *with* prejudice is equivalent to a judgment on the merits in [MACI's] favor, and [MACI] is therefore entitled to an award of attorney's fees under either § 176 or § 929."

¶ 15 In support of its decision, the trial court cited *Swan–Sigler v. Black,* 1966 OK 90, 414 P.2d 300, which also involved an action for foreclosure of a materialmen's lien and a request for attorney fees pursuant to 42 O.S.1961 § 176. Section § 176 has remain unchanged since it was enacted in 1910, so the version of § 176 in effect at the time *Swan–Sigler* was decided remains in effect today. In *Swan–Sigler,* the plaintiff volun-

---

1. MACI later sought additional fees and costs for    a total of $53,810.39.

tarily dismissed an action to foreclose a materialmen's lien. *Id.* ¶ 2. The trial court awarded attorney fees to the defendants. *Id.* ¶ The Supreme Court reversed the decision of the trial court. *Id.* ¶ 11. The Court held that pursuant to § 176, "no attorney's fee may be allowed the attorney for the defendant unless the final judgment be against the lien claim." *Id.* ¶ 0. The defendants asserted they were the prevailing party after the plaintiff dismissed its lawsuit and argued they were entitled to attorney fees pursuant to § 176. *Id.* ¶ 6. The defendants also claimed they were the prevailing party pursuant to 12 O.S.1961 § 684, which then provided in part, according to the Court: "'A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action.'" *Id.* ¶ 4. The Court held that the defendants were not a prevailing party entitled to attorney fees. The Court stated:

> In a lien foreclosure case, the defendants' prayer in their answer that the plaintiff's petition be denied and that said defendants be allowed an attorney fee pursuant to 42 O.S.1961, Sec. 176, does not constitute prayer for affirmative relief within the meaning of 12 O.S.1961, Sec. 684, so as to survive the dismissal of said cause by the plaintiff.

*Id.* ¶ 0.

¶ 16 On appeal, MACI asserts "*Swan–Sigler* does not indicate whether or not the dismissal was with or without prejudice, but 'unless otherwise stated in the notice of dismissal or stipulation, [a] dismissal is without prejudice.' Okla. Stat. tit. 12, § 684." MACI asserts the fact that Mill Creek's dismissal was with prejudice renders *Swan–Sigler* inapplicable. We disagree.

¶ 17 In *Swan–Sigler*, the Court examined whether the defendants were a prevailing party within the meaning of § 684. MACI asserts that "authority in Oklahoma and in other jurisdictions clearly establishes that a dismissal with prejudice is the practical equivalent to a judgment on the merits in other contexts." We conclude the key in this case is not whether the dismissal is with or without prejudice. Instead, we must read 42 O.S.2011 § 176 in conjunction with 12 O.S. 2011 § 684 to determine whether MACI is entitled to an attorney fee award pursuant to § 176 as the Court did in the *Swan–Sigler* decision.

¶ 18 In *Professional Credit Collections, Inc. v. Smith*, 1997 OK 19, 933 P.2d 307, a case relied on by MACI in its argument regarding § 936, the Oklahoma Supreme Court framed the issue before it as whether "after a defendant's success in vacating a default judgment against her, the plaintiff may—by voluntarily dismissing her as a party defendant in the *action on an open account*—avoid liability for her predismissal attorney's fees." The Court answered in the negative. *Id.* ¶ 1. Title 12 O.S. § 936 provided at the time of the *Professional Credit Collections* decision and still provides that the prevailing party in a civil action on an open account "shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." 12 O.S.2001, 2011 § 936.[2]

¶ 19 The Court held that the plaintiff's "successful vacation of default judgment entitles [the defendant] to prevailing-party status." *Id.* ¶ 2. In *Professional Credit Collections*, the plaintiff sued a husband and wife and obtained a default judgment against both defendants. *Id.* ¶¶ 3–4. The wife filed a motion to vacate, which the trial court granted. *Id.* ¶¶ 4–5. The trial court declined to award the wife attorney fees. *Id.* ¶ 7. The Court noted that 12 O.S.1991 § 684[3] allowed "a voluntary dismissal of an action without an order of court upon payment of costs at any

---

2. As a general rule, a "prevailing party" in a lawsuit "is the one who successfully prosecutes the action or successfully defends against it, prevailing on the merits of the main issue; in other words, the prevailing party is the one in whose favor the decision or verdict is rendered and the judgment entered." *Hastings v. Kelley*, 2008 OK CIV APP 36, ¶ 10, 181 P.3d 750.

3. The affirmative relief requirement is no longer applicable. As discussed below, at the time this matter was decided by the trial court, 12 O.S. 2011 § 684(A) allowed for dismissal before pretrial without an order of the court.

time *before* affirmative relief is sought against the plaintiff." *Id.* ¶ 9. The Court stated that "the § 684 language must be applied in harmony with the terms of § 936." *Id.* The Court concluded, "The test for an effective cost-escaping § 684 voluntary dismissal does not depend on whether a prevailing party has yet been determined. Instead, the key is whether, before plaintiff's voluntary dismissal, the defendant has requested affirmative relief against the plaintiff." *Id.* The Court found that the wife's "motion to vacate the default judgment was indeed her *quest for affirmative relief.*" *Id.* ¶ 10. The Court held that "[b]y the unmistakably clear § 936 standards [Wife's] success in vacating the judgment placed her in the status of 'prevailing party' entitled to an attorney's-fee award." *Id.*

¶ 20 The key aspect of *Professional Credit Collections* applicable here is the Supreme Court's recognition that § 684 must be applied in harmony with the statute providing for the award of attorney fees. Since the decision in *Professional Credit Collections,* § 684 has been amended three times, in 2004, 2009, and 2013. In 2011 when Mill Creek filed its dismissal, § 684 provided in relevant part:

> A. An action may be dismissed by the plaintiff without an order of court by filing a notice of dismissal at any time before pretrial. After the pretrial hearing, an action may only be dismissed by agreement of the parties or by the court. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice.

Thus, there is no longer an "affirmative relief" requirement as there was when the *Professional Credit Collections* decision was handed down. Rather than an "affirmative relief" requirement, the statute now provides that an action may be dismissed at any time before pretrial. 12 O.S.2011 § 684. And, the pretrial hearing had not taken place when Mill Creek dismissed its petition. Mill Creek, therefore, had a right to dismiss the case without an order of the court.

¶ 21 In accord with the opinion in *Swan–Sigler,* we conclude that Mill Creek had the right to dismiss its petition before pretrial

and MACI was therefore not entitled to an attorney fee award. MACI had not prevailed on any issue prior to dismissal, and there was no judgment in favor of MACI regardless of whether the dismissal was with or without prejudice. The *Swan–Sigler* Court's decision did not hinge on whether the dismissal was with or without prejudice. Furthermore, the Court specifically noted that there was no judgment in the *Swan–Sigler* case:

> In the present case no judgment was entered for or against anyone adjudging that the plaintiff did or did not have a valid lien against the property of the defendants Blacks. The issue of the validity of the lien was removed from this lawsuit by the filing of a voluntary dismissal by the plaintiff.

*Swan–Sigler, Inc. v. Black,* 1966 OK 90, ¶ 7, 414 P.2d 300.

¶ 22 In the present case, there was also no judgment entered for or against any party. We agree with the Supreme Court's determination in *Swan–Sigler* that the issues pending in the lawsuit were rendered non-existent by Mill Creek's voluntary dismissal and cannot be considered to have the same legal effect as a decision on the merits reflected in a judgment. Although MACI argues that a dismissal with prejudice is "equivalent to a judgment," the cases cited for this proposition do not hold that such a dismissal constitutes an adjudication on the merits of a plaintiff's claims for all legal purposes, including recovery of prevailing party attorney fees—they clearly hold that the legal effect of such a dismissal with prejudice is the same as that of a judgment in prohibiting a plaintiff (or any claiming party) from reasserting the dismissed claims.

¶ 23 It is well-established under Oklahoma law that statutes allowing the award of attorney fees are to be strictly construed. *See Beard v. Richards,* 1991 OK 117, ¶ 12, 820 P.2d 812. We are not persuaded that to expand the language in 42 O.S.2011 § 176 allowing "the party for whom judgment is rendered" to recover a reasonable attorney fee by equating a dismissal with prejudice to an actual adjudication on the merits of the pending claims, as anticipated by § 176's

"judgment" language, follows either the letter of the statute or the spirit of Oklahoma's precedent in this area. The trial court correctly held that MACI was not entitled to attorney fees pursuant to § 176.

¶ 24 On its remaining ground for entitlement to an attorney fee, MACI cannot recover pursuant to 12 O.S.2011 § 936 because Mill Creek's action against MACI was not one to recover on an open account. Mill Creek's only claim against MACI or American Security in its second amended petition was for foreclosure of a materialmen's lien. Mill Creek's claim to recover on an open account was asserted against Bichsel. The trial court did not err in concluding MACI was not entitled to attorney fees pursuant to § 936.

## CONCLUSION

The trial court properly found that MACI was not entitled to an award of attorney fees. The decision is affirmed.

**AFFIRMED.**

BARNES, C.J., and GOODMAN, J., concur.