OSCN Found Document:MILL CREEK LUMBER & SUPPLY CO. v. BICHSEL

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MILL CREEK LUMBER & SUPPLY CO. v. BICHSEL
2015 OK CIV APP 26
347 P.3d 295
Case Number: 112315
Decided: 11/18/2014
Mandate Issued: 03/23/2015
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2015 OK CIV APP 26, 347 P.3d 295

 

MILL CREEK LUMBER & SUPPLY COMPANY, 
Petitioner/Appellee,
v.
RONNIE L. BICHSEL d/b/a BICHSEL CONSTRUCTION and 
AMERICAN SAFETY CASUALTY INSURANCE CO., Respondents,
and
MIKE ALEXANDER 
COMPANY, INC., Respondent/Appellant.

APPEAL FROM THE DISTRICT COURT OF
DELAWARE COUNTY, 
OKLAHOMA
HONORABLE BARRY V. DENNEY, TRIAL JUDGE

AFFIRMED

Tracy W. Robinett, Charles R. Swartz, Dylan T. Duren, ROBINETT LAW FIRM, 
Tulsa, Oklahoma, for Petitioner/Appellee
John M. Hickey, Stephanie T. Gentry, 
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C., Tulsa, Oklahoma, for 
Respondent/Appellant


JANE P. WISEMAN, PRESIDING JUDGE:
¶1 Mike Alexander Company, Inc. (MACI), appeals a trial court order denying 
its request for attorney fees. The issue on appeal is whether the trial court 
erred as a matter of law in its order. After review of the record, we find no 
error and affirm the trial court's order.
FACTS AND PROCEDURAL BACKGROUND
¶2 In its petition against defendants Ronnie L. Bichsel d/b/a Bichsel 
Construction and MACI, Mill Creek Lumber & Supply (Mill Creek) alleged that 
Bichsel entered into an open account relationship with Mill Creek for Bichsel to 
buy building materials from Mill Creek on credit and to pay Mill Creek according 
to its invoice terms. Mill Creek's lawsuit claims that in June 2009, Bichsel 
acquired materials for which it owes $12,172.52 in past due charges. Mill Creek 
seeks to recover on claims for open account, foreclosure of a materialmen's 
lien, foreclosure of a personal property lien, and declaratory judgment. The 
materialmen's lien attached to the petition shows that Mill Creek filed the lien 
on September 2, 2009, and materials worth $12,172.52 were used to construct a 
boat dock on property owned by MACI in Delaware County. On January 21, 2011, 
Mill Creek dismissed without prejudice its claim against Bichsel for foreclosure 
of the personal property lien.
¶3 MACI filed an answer and asserted the following affirmative defenses: (1) 
a materialmen's lien could not attach to the property because the boat dock is a 
floating dock attached to the property only by bolts and chains, (2) the 
materials for the dock were not delivered on the date on the invoice and the 
materialmen's lien was not timely filed, (3) Mill Creek failed to timely serve 
the pre-lien notice, and (4) the personal property lien was also not timely 
filed. MACI asserted a cross-claim against Bichsel for breach of contract.
¶4 On March 2, 2011, MACI filed a request for pretrial conference which the 
court set for early August 2011. Mill Creek filed an amended petition on June 1, 
2011, asserting claims for an open account and "foreclosure of bond to discharge 
mechanic's lien." On this second claim, Mill Creek alleged that it had a valid 
and enforceable mechanic's or materialmen's lien, MACI discharged the lien from 
the property by posting a lien discharge bond, and "Mill Creek is entitled to 
judgment in rem against the Discharge Bond in the sum of $12,172.52, plus 
attorney's fees, costs, and interest." Mill Creek stated that MACI, as principal 
on the discharge bond, and American Safety Casualty Insurance Co., as surety on 
the discharge bond, should appear and establish their positions with respect to 
Mill Creek's claims. American Safety filed an answer and asserted affirmative 
defenses similar to those asserted by MACI and also filed a cross-claim against 
Bichsel.
¶5 The pretrial conference was passed to January 2012. Mill Creek filed a 
motion for partial summary judgment on the issue of the enforceability of the 
lien, and MACI also filed a motion for partial summary judgment on the issue of 
whether the materialmen's or mechanic's lien attached to its property. The trial 
court denied both motions for summary judgment stating "there are fact[] issues 
concerning lien enforceability which must be resolved by a fact finder as to 
whether the boat dock at issue constitutes a fixture to the land."
¶6 MACI filed a demand for jury trial, and Mill Creek filed a request to set 
the case for non-jury trial. After Mill Creek sought and received permission to 
file a second amended petition, Mill Creek filed its second amended petition 
against MACI and American Surety, claiming that it entered into an open account 
with Bichsel, Bichsel acquired materials from it to build a boat dock for MACI, 
Bichsel failed to pay for $12,172.52 in materials, and Mill Creek had pursued 
its open account action against Bichsel. Mill Creek further alleged Bichsel had 
filed a Chapter 7 bankruptcy case on January 6, 2012, in the Eastern District of 
Oklahoma, which stayed Mill Creek's prosecution of its open account action 
against Bichsel. Mill Creek filed an adversary proceeding against Bichsel, 
obtained a nondischargeable judgment against Bichsel for $12,172.52, and then 
reached a settlement pursuant to which Bichsel paid Mill Creek $3,000.
¶7 Mill Creek sought foreclosure of the bond to discharge a mechanic's lien 
alleging that the mechanic's or materialmen's lien remains valid and enforceable 
as to the unpaid balance of $9,172.52. Mill Creek sought this sum plus attorney 
fees, costs, and interest and asked that both MACI and American Surety appear 
regarding its claims.
¶8 MACI objected to Mill Creek's request for non-jury trial. Both MACI and 
American Surety filed answers to the second amended petition. An August 1, 2012, 
order indicates the case was passed to the spring jury docket by agreement. 
According to a January 15, 2013 order, the parties agreed to pass the pretrial 
to the next pretrial docket.
¶9 On February 19, 2013, Mill Creek filed a dismissal with prejudice. MACI 
then filed an application for attorney fees asserting that "Mill Creek's 
decision to file a dismissal with prejudice should be considered a concession 
that their case was without merit." MACI sought attorney fees pursuant to 42 O.S.2011 § 176, which provides, 
"In an action brought to enforce any lien the party for whom judgment is 
rendered shall be entitled to recover a reasonable attorney's fee, to be fixed 
by the court, which shall be taxed as costs in the action." MACI also sought 
prevailing party attorney fees pursuant to 12 O.S.2011 § 936 asserting Mill 
Creek's action was one for an open account. MACI also sought costs pursuant to 
12 O.S.2011 § 930, which 
provides, "In other actions, the court may award and tax costs, and apportion 
the same between the parties on the same or adverse sides, as in its discretion 
it may think right and equitable." The affidavit as to attorney fees and costs 
reflects the amounts of $46,645.25 in attorney fees and $1,390.26 in costs.[1]
¶10 In response, Mill Creek asserts that (1) it never conceded its position 
that the lien was valid and enforceable, (2) 12 O.S.2011 § 936 is inapplicable 
because the open account claim against Bichsel was dismissed as a result of 
Bichsel's bankruptcy, (3) no judgment has been rendered in MACI's favor as 
required by 42 O.S.2011 § 176, 
and (4) Mill Creek had a statutory right to dismiss the case without liability 
for attorney fees pursuant to 12 
O.S. § 684.
¶11 After a hearing on the issue of attorney fees, the trial court denied 
MACI's application on the ground that "42 O.S. § 176 requires that judgment 
be rendered for a party in a lien claim case in order for that party to be 
entitled to a reasonable attorney fee. In such a lien action, actual judgment 
must be rendered to entitle anyone to an attorney fee. Swan-Sigler v. 
Black, [1966 OK 90, 414 P.2d 300]." The court also found 
that 12 O.S.2011 § 936 does not 
apply because the open account transactions were between Bichsel and Mill Creek. 
The court concluded MACI "is also not entitled to costs based on 12 O.S. § 930 
as § 928 is the appropriate statute in this case and only allows costs for a 
plaintiff who obtained judgment." MACI appeals from the trial court's order 
denying its application for attorney fees.
STANDARD OF REVIEW
¶12 The question of a party's entitlement to attorney fees is a question of 
law, which we review de novo. See Finnell v. Seismic, 2003 OK 35, ¶ 7, 67 P.3d 339.
ANALYSIS
¶13 MACI asserts in its brief in chief that it is entitled to recover 
attorney fees pursuant to 42 O.S.2011 
§ 176, 12 O.S.2011 § 929, or 
12 O.S.2011 § 936. We will 
discuss MACI's argument regarding 42 
O.S.2011 § 176 and 12 O.S.2011 § 
936 in turn, but we must first note that we are unable to consider its 
arguments regarding 12 O.S.2011 § 
929 because, as Mill Creek points out in its answer brief, MACI did not 
present this argument to the trial court. "Where not properly presented in the 
trial proceedings . . . issues not properly presented to the trial court cannot 
be considered by this Court on appeal." Oklahoma Dep't of Sec. ex rel. Faught 
v. Wilcox, 2011 OK 82, ¶ 17, 
267 P.3d 106. Even if this Court 
could review this argument, 12 
O.S.2011 § 929 does not support MACI's quest for attorney fees. Section 929 
provides, "Costs shall be allowed of course to any defendant, upon a judgment in 
his favor in the actions mentioned in the last section." 12 O.S.2011 § 929. Clearly, this 
statute addresses costs, not attorney fees, and therefore would not support an 
attorney fee award in favor of MACI.
¶14 MACI asserts § 176 provides a basis for the award of attorney fees in its 
favor. As quoted above, § 176 provides, "In an action brought to enforce any 
lien the party for whom judgment is rendered shall be entitled to recover a 
reasonable attorney's fee, to be fixed by the court, which shall be taxed as 
costs in the action." It asserts the "voluntary dismissal with prejudice 
is equivalent to a judgment on the merits in [MACI's] favor, and [MACI] is 
therefore entitled to an award of attorney's fees under either § 176 or § 
929."
¶15 In support of its decision, the trial court cited Swan-Sigler v. 
Black, 1966 OK 90, 414 P.2d 300, which also involved an 
action for foreclosure of a materialmen's lien and a request for attorney fees 
pursuant to 42 O.S.1961 § 176. 
Section 176 has remain unchanged since it was enacted in 1910, so the version of 
§ 176 in effect at the time Swan-Sigler was decided remains in effect 
today. In Swan-Sigler, the plaintiff voluntarily dismissed an action to 
foreclose a materialmen's lien. Id. ¶ 2. The trial court awarded attorney 
fees to the defendants. Id. The Supreme Court reversed the decision of 
the trial court. Id. ¶ 11. The Court held that pursuant to § 176, "no 
attorney's fee may be allowed the attorney for the defendant unless the final 
judgment be against the lien claim." Id. ¶ 0. The defendants asserted 
they were the prevailing party after the plaintiff dismissed its lawsuit and 
argued they were entitled to attorney fees pursuant to § 176. Id. ¶ 6. 
The defendants also claimed they were the prevailing party pursuant to 12 O.S.1961 § 684, which then 
provided in part, according to the Court: "'A plaintiff may, on the payment of 
costs and without an order of court, dismiss any civil action brought by him at 
any time before a petition of intervention or answer praying for affirmative 
relief against him is filed in the action.'" Id. ¶ 4. The Court held that 
the defendants were not a prevailing party entitled to attorney fees. The Court 
stated:

 
 In a lien foreclosure case, the defendants' prayer in their answer that 
 the plaintiff's petition be denied and that said defendants be allowed an 
 attorney fee pursuant to 42 O.S. 
 1961, Sec. 176, does not constitute prayer for affirmative relief within 
 the meaning of 12 O.S. 1961, 
 Sec. 684, so as to survive the dismissal of said cause by the 
 plaintiff.
Id. ¶ 0.
¶16 On appeal, MACI asserts "Swan-Sigler does not indicate whether or 
not the dismissal was with or without prejudice, but 'unless otherwise stated in 
the notice of dismissal or stipulation, [a] dismissal is without prejudice.' 
Okla. Stat. tit. 12, § 684." MACI asserts the fact that Mill Creek's dismissal 
was with prejudice renders Swan-Sigler inapplicable. We disagree.
¶17 In Swan-Sigler, the Court examined whether the defendants were a 
prevailing party within the meaning of § 684. MACI asserts that "authority in 
Oklahoma and in other jurisdictions clearly establishes that a dismissal with 
prejudice is the practical equivalent to a judgment on the merits in other 
contexts." We conclude the key in this case is not whether the dismissal is with 
or without prejudice. Instead, we must read 42 O.S.2011 § 176 in conjunction 
with 12 O.S.2011 § 684 to 
determine whether MACI is entitled to an attorney fee award pursuant to § 176 as 
the Court did in the Swan-Sigler decision.
¶18 In Professional Credit Collections, Inc. v. Smith, 1997 OK 19, 933 P.2d 307, a case relied on by 
MACI in its argument regarding § 936, the Oklahoma Supreme Court framed the 
issue before it as whether "after a defendant's success in vacating a default 
judgment against her, the plaintiff may--by voluntarily dismissing her as a 
party defendant in the action on an open account--avoid liability for her 
pre-dismissal attorney's fees." The Court answered in the negative. Id. ¶ 
1. Title 12 O.S. § 936 provided 
at the time of the Professional Credit Collections decision and still 
provides that the prevailing party in a civil action on an open account "shall 
be allowed a reasonable attorney fee to be set by the court, to be taxed and 
collected as costs." 12 O.S.2001, 
2011 § 936.[2]
¶19 The Court held that the plaintiff's "successful vacation of default 
judgment entitles [the defendant] to prevailing-party status." Id. ¶ 2. 
In Professional Credit Collections, the plaintiff sued a husband and wife 
and obtained a default judgment against both defendants. Id. ¶¶ 3-4. The 
wife filed a motion to vacate, which the trial court granted. Id. ¶¶ 4-5. 
The trial court declined to award the wife attorney fees. Id. ¶ 7. The 
Court noted that 12 O.S.1991 § 
684[3] 
allowed "a voluntary dismissal of an action without an order of court upon 
payment of costs at any time before affirmative relief is sought against 
the plaintiff." Id. ¶ 9. The Court stated that "the § 684 language must 
be applied in harmony with the terms of § 936." Id. The Court concluded, 
"The test for an effective cost-escaping § 684 voluntary dismissal does not 
depend on whether a prevailing party has yet been determined. Instead, the key 
is whether, before plaintiff's voluntary dismissal, the defendant has requested 
affirmative relief against the plaintiff." Id. The Court found that the 
wife's "motion to vacate the default judgment was indeed her quest for 
affirmative relief." Id. ¶ 10. The Court held that "[b]y the 
unmistakably clear § 936 standards [Wife's] success in vacating the judgment 
placed her in the status of 'prevailing party' entitled to an 
attorney's-fee award." Id.
¶20 The key aspect of Professional Credit Collections applicable here 
is the Supreme Court's recognition that § 684 must be applied in harmony with 
the statute providing for the award of attorney fees. Since the decision 
in Professional Credit Collections, § 684 has been amended three times, 
in 2004, 2009, and 2013. In 2011 when Mill Creek filed its dismissal, § 684 
provided in relevant part:

 
 A. An action may be dismissed by the plaintiff without an order of court 
 by filing a notice of dismissal at any time before pretrial. After the 
 pretrial hearing, an action may only be dismissed by agreement of the 
 parties or by the court. Unless otherwise stated in the notice of dismissal 
 or stipulation, the dismissal is without 
prejudice.
Thus, there is no longer an "affirmative relief" requirement as there was 
when the Professional Credit Collections decision was handed down. Rather 
than an "affirmative relief" requirement, the statute now provides that an 
action may be dismissed at any time before pretrial. 12 O.S.2011 § 684. And, the 
pretrial hearing had not taken place when Mill Creek dismissed its petition. 
Mill Creek, therefore, had a right to dismiss the case without an order of the 
court.
¶21 In accord with the opinion in Swan-Sigler, we conclude that Mill 
Creek had the right to dismiss its petition before pretrial and MACI was 
therefore not entitled to an attorney fee award. MACI had not prevailed on any 
issue prior to dismissal, and there was no judgment in favor of MACI regardless 
of whether the dismissal was with or without prejudice. The Swan-Sigler 
Court's decision did not hinge on whether the dismissal was with or without 
prejudice. Furthermore, the Court specifically noted that there was no judgment 
in the Swan-Sigler case:

 
 In the present case no judgment was entered for or against anyone 
 adjudging that the plaintiff did or did not have a valid lien against the 
 property of the defendants Blacks. The issue of the validity of the lien was 
 removed from this lawsuit by the filing of a voluntary dismissal by the 
 plaintiff.
Swan-Sigler, Inc. v. Black, 1966 OK 90, ¶ 7, 414 P.2d 300.
¶22 In the present case, there was also no judgment entered for or against 
any party. We agree with the Supreme Court's determination in Swan-Sigler 
that the issues pending in the lawsuit were rendered non-existent by Mill 
Creek's voluntary dismissal and cannot be considered to have the same legal 
effect as a decision on the merits reflected in a judgment. Although MACI argues 
that a dismissal with prejudice is "equivalent to a judgment," the cases cited 
for this proposition do not hold that such a dismissal constitutes an 
adjudication on the merits of a plaintiff's claims for all legal purposes, 
including recovery of prevailing party attorney fees--they clearly hold that the 
legal effect of such a dismissal with prejudice is the same as that of a 
judgment in prohibiting a plaintiff (or any claiming party) from reasserting the 
dismissed claims.
¶23 It is well-established under Oklahoma law that statutes allowing the 
award of attorney fees are to be strictly construed. See Beard v. 
Richards, 1991 OK 117, ¶ 12, 
820 P.2d 812. We are not 
persuaded that to expand the language in 42 O.S.2011 § 176 allowing "the 
party for whom judgment is rendered" to recover a reasonable attorney fee by 
equating a dismissal with prejudice to an actual adjudication on the merits of 
the pending claims, as anticipated by § 176's "judgment" language, follows 
either the letter of the statute or the spirit of Oklahoma's precedent in this 
area. The trial court correctly held that MACI was not entitled to attorney fees 
pursuant to § 176.
¶24 On its remaining ground for entitlement to an attorney fee, MACI cannot 
recover pursuant to 12 O.S.2011 § 
936 because Mill Creek's action against MACI was not one to recover on an 
open account. Mill Creek's only claim against MACI or American Security in its 
second amended petition was for foreclosure of a materialmen's lien. Mill 
Creek's claim to recover on an open account was asserted against Bichsel. The 
trial court did not err in concluding MACI was not entitled to attorney fees 
pursuant to § 936.
CONCLUSION
The trial court properly found that MACI was not entitled to an award of 
attorney fees. The decision is affirmed.

AFFIRMED.

BARNES, C.J., and GOODMAN, J., concur.

FOOTNOTES

[1] MACI 
later sought additional fees and costs for a total of $53,810.39.

[2] As a 
general rule, a "prevailing party" in a lawsuit "is the one who successfully 
prosecutes the action or successfully defends against it, prevailing on the 
merits of the main issue; in other words, the prevailing party is the one in 
whose favor the decision or verdict is rendered and the judgment entered." 
Hastings v. Kelley, 2008 OK 
CIV APP 36, ¶ 10, 181 P.3d 
750.

[3] The 
affirmative relief requirement is no longer applicable. As discussed below, at 
the time this matter was decided by the trial court, 12 O.S.2011 § 684(A) allowed for 
dismissal before pretrial without an order of the court.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2008 OK CIV APP 36, 181 P.3d 750, HASTINGS v. KELLEY
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1991 OK 117, 820 P.2d 812, 62 OBJ 3481, Beard v. Richards
Discussed
 1997 OK 19, 933 P.2d 307, 68 OBJ 783, Professional Credit Collections, Inc. v. Smith
Discussed
 1966 OK 90, 414 P.2d 300, SWAN-SIGLER, INC. v. BLACK
Discussed at Length
 2003 OK 35, 67 P.3d 339, FINNELL v. JEBCO SEISMIC
Discussed
 2011 OK 82, 267 P.3d 106, DEPT. OF SECURITIES ex rel. FAUGHT v. WILCOX
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 684, Dismissal before Trial Commenced without Court Order
Discussed at Length
 12 O.S. 929, Costs Allowed to Defendant
Discussed at Length
 12 O.S. 930, Court May Award, Tax and Apportion Costs Between Parties
Cited
 12 O.S. 936, Action on Open Account - Attorney's Fee as Costs
Discussed at Length
Title 42. Liens
 Cite
Name
Level

 42 O.S. 176, Right to Recover Attorney's Fees
Discussed at Length